**Laurel G. WEIR, Plaintiff-Appellant,**

v.

**Charles MULLER et al.,
Defendants-Appellees.**

No. 74–3348.

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1976.

Laurel G. Weir, pro se.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Scott P. Crampton, Gilbert E. Andrews, Chief App. Section, Bennet N. Hollander, Libero Marinelli, Jr., Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

Laurel Weir, the plaintiff-appellant, was indicted on four counts of income tax evasion for the years 1966 through 1969. He pleaded nolo contendere to one count and was sentenced to one year of imprisonment (suspended), fined $6000, and placed on probation for six months. The other three counts were dismissed.

Weir later sued ten federal officials and two federal agencies for $25,000,000, contending that they had deprived him of various constitutional rights in their investigation leading to his prosecution and in the prosecution itself. The district court, in an opinion issued from the bench, held, first, that the complaint failed to state a cause of action because the defendants were protected by the doctrine of official immunity. Then, seemingly on the basis of that holding, the court dismissed the action because there was no federal jurisdiction.

Reading the complaint liberally, as we must, *Conley v. Gibson*, 1957, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80, we find that Weir has alleged deprivations of his Fifth Amendment right to due process of law. The jurisdictional issue here is entirely separate from the questions whether the complaint states a claim on which relief can be granted, whether damages are recoverable for Fifth Amendment violations, and whether the defendants in this case are immune from suit. *Bell v. Hood*, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; cf. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 1971, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619. We hold that the district court has federal question jurisdiction under 28 U.S.C. § 1331 and should not have dismissed the complaint for lack of jurisdiction. *See Mark v. Groff*, 9 Cir. 1975, 521 F.2d 1376.

We intimate no view on whether the complaint states a cause of action or on the extent to which the defendants are protected by the official immunity doctrine. We note, however, that if the district court should hold that the complaint states a cause of action, an evidentiary hearing will probably be necessary to resolve the factual issues on which the qualified immunity doctrine is based. *See Scheuer v. Rhodes*, 1974, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90; *Mark v. Groff.*[1]

Reversed and remanded for proceedings consistent with this opinion.

---

1. Although *Scheuer* only considered the extent to which § 1983 dilutes the protection of the official immunity doctrine for state officials, its reasoning may be pertinent to the instant case:

> These considerations suggest that, in varying scope, a qualified immunity is available to officers of the executive branch of government, the variation being dependent upon the scope of discretion and responsibilities of the office and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based. It is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity of executive officers for acts performed in the course of official conduct.

416 U.S. at 247–48, 94 S.Ct. at 1692. In a case very similar to the one before us, the Ninth Circuit held that the *Scheuer* qualified immunity doctrine is applicable to federal officials, reversed the district court's dismissal of the complaint, and remanded "for further proceedings . . . because 'the scope of that immunity will necessarily be related to facts as yet not established' below". *Mark v. Groff,* 521 F.2d at 1380, *quoting Scheuer,* 416 U.S. at 243, 94 S.Ct. 1683.