Elizabeth Jane HALL,
Plaintiff-Appellant,

v.

UNITED STATES of America, et al.,
Defendants-Appellees.

No. 81–5586.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 25, 1983.

Decided March 25, 1983.

Rehearing Denied April 29, 1983.

247

Edwin F. Kagin (argued), Louisville, Ky., for plaintiff-appellant.

William E. Johnson (argued), Frankfort, Ky., John F. Murray (Lead Counsel), Acting Asst. Atty. Gen., Michael L. Paup, Michael Roach (argued), Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before LIVELY and ENGEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This action was filed against the United States, two officials of the Internal Revenue Service and a Kentucky State police officer seeking injunctive relief, $20,000 in actual damages and one million dollars in punitive damages. The original complaint asserted jurisdiction under 42 U.S.C. § 1983. The amended complaint also relied upon 42 U.S.C. §§ 1985 and 1986 and various provisions of the Constitution. The district court granted summary judgments in favor of defendants. The plaintiff, Mrs. Elizabeth Jane Hall, appeals.

This litigation is a sequel to *Hall v. United States*, 493 F.2d 1211 (6th Cir.1974), *aff'd sub nom. Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976), in which the issuance of an injunction against the sale of plaintiff's automobile and other personal property levied upon by the IRS was upheld. The case now is before us on the related issue of the potential personal liability of the defendants. For the reasons set forth below, we affirm the orders of the district court dismissing the action as to all the defendants, except as to the injunctive relief heretofore granted.

I

Subsequent to the arrest of appellant's husband in Texas on drug-related charges, Kentucky state troopers, pursuant to a valid warrant, searched the home of appellant on January 31, 1973. The search uncovered controlled substances. The following day the Acting District Director for the IRS, defendant Thomas P. McHugh, notified appellant by letter that he found her involved in illicit drug activities, thereby rendering ineffectual the collection of income tax for the period January 1, 1973, through January 30, 1973. Pursuant to 26 U.S.C. § 6851, District Director McHugh declared appellant's taxable period for the first 30 days of 1973 "immediately terminated" and her income for that period "immediately due and payable." McHugh assessed the tax in the amount of $52,680.25.

When appellant contended that she was unable to pay the assessed amount, the IRS levied on all her property, including her automobile and bank account. In response, Mrs. Hall brought suit in district court seeking injunctive and monetary relief. Because the IRS never provided Mrs. Hall with a deficiency notice as required by 26 U.S.C. § 6861, this court affirmed the grant of injunctive relief by the district court to restrain the United States from selling the automobile. *Hall, supra*, 493 F.2d at 1212. The decision of this court subsequently was affirmed by the Supreme Court. *Laing, supra*, 423 U.S. at 185, 96 S.Ct. at 486.

That part of appellant's action seeking damages was held in abeyance, pending resolution of the injunction issue. On the present appeal, appellant asserts that the actions of the defendants in regard to the federal income tax assessment and levy violated her constitutional rights as secured by the fifth, ninth and fourteenth amendments to the Constitution.

On successive motions for summary judgment on the pleadings, the district court dismissed the claims as to each defendant. District Judge James F. Gordon found that District Director McHugh was protected by official immunity since he approved the recommendation of termination and jeopardy assessment while acting within the scope of his official duties. The district court found no evidence connecting McHugh with any conspiracy to deprive Mrs. Hall of her constitutional rights. The district court granted summary judgment for IRS official Elmer Snider since appellant was unable to produce anything outside her pleadings to show that Snider acted improperly or in conspiracy with State officials. The claim against the United States was dismissed on grounds of sovereign immunity. The claim against state police officer Donald Powers was dismissed on the ground, among others, that the plaintiff was unable to point to any wrongdoing committed by officer Powers.

## II

Appellant avers that the district court erred in concluding that District Director McHugh was entitled to the defense of official immunity.[1] Although we cannot agree with the conclusion of the district court that McHugh's actions were protected by the doctrine of official immunity, we hold that the defense of qualified, good faith immunity applies.

The district court held that McHugh was afforded official immunity under the rule announced by the Supreme Court in *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). In *Barr* the Court held that federal officials enjoy absolute immunity from suit for common law torts based on acts within their discretionary authority. In *Granger v. Marek,* 583 F.2d 781, 784–85 (6th Cir.1978), this court followed the *Barr* rule and held that, as applied to *common law torts,* the rule survived the decision of the Supreme Court in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), in which the Court held that federal officials were afforded only a qualified, good faith immunity from suits for *constitutional torts.* We recently reaffirmed our adherence to the *Barr* rule in the context of common law torts committed by federal officials in *Queens v. Tennessee Valley Authority,* 689 F.2d 80, 84 (6th Cir. 1982).

Appellant asserts that District Director McHugh violated her fifth amendment rights due to his approval of the faulty termination and jeopardy assessments.

Since appellant has alleged constitutional violations, as opposed to common law tort violations, we conclude that the *Barr* rule is not dispositive of the immunity issue.

In *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) the Court held that only a defense of qualified, good faith immunity was available to high state officials for violations of constitutional rights. Under the doctrine of qualified, good faith immunity, a government official performing acts within the scope of official conduct is insulated from a suit in civil damages if (1) at the time and in light of all the circumstances there existed reasonable grounds for the belief that the action taken was appropriate and (2) the officer acted in good faith. 416 U.S. at 247–48, 94 S.Ct. at 1692. In *Butz v. Economou, supra,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) the Court resolved any doubt that the standard enunciated in *Scheuer* applied equally to federal officials. In *Butz* it was held that there was only a qualified, good faith immunity for federal officials charged with constitutional violations, absent some special showing of a need for a full exemption of liability. 438 U.S. at 507, 98 S.Ct. at 2911. In so holding, the Court distinguished its ruling in *Barr, supra,* finding that case dispositive only as to federal officials whose conduct does not exceed constitutional limits. 438 U.S. at 507, 98 S.Ct. at 2911.

Inherent in the doctrine of qualified, good faith immunity is both an "objective" and "subjective" aspect. *Harlow v.*

---

1. Appellant also claims that the district court erred in ruling that it did not have subject matter jurisdiction under 42 U.S.C. §§ 1983, 1985, 1986. It is clear that any action taken by defendant McHugh, as an IRS official, would be under federal law and not state law for purposes of a claim for relief under § 1983. As to a claim under either § 1985 or § 1986 the record shows that there is no evidence to connect McHugh with any conspiracy to deprive Mrs. Hall of her civil rights sufficient enough to trigger jurisdiction under § 1985 or § 1986.

The district court, however, assumed that it had jurisdiction under the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct.

1999, 29 L.Ed.2d 619 (1971). Although *Bivens* dealt with a fourth amendment violation, its logic appears equally applicable to the constitutional claims raised herein. *See Laing, supra,* 423 U.S. at 209–10 n. 14, 96 S.Ct. at 497–98 n. 14 (Blackmun, J., dissenting); *Yiamouyiannis v. Chemical Abstracts Service,* 521 F.2d 1392, 1393 (6th Cir.1975), *cert. denied,* 439 U.S. 983, 99 S.Ct. 573, 58 L.Ed.2d 654 (1978) (first amendment); *Cox v. Stanton,* 529 F.2d 47 (4th Cir.1975) (fourteenth amendment); *Dry Creek Lodge, Inc. v. United States,* 515 F.2d 926, 932 (10th Cir.1975), *cert. denied,* 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981), *reh'g denied,* 450 U.S. 960, 101 S.Ct. 1421, 67 L.Ed.2d 385 (1981) (fifth amendment).

*Fitzgerald,* —— U.S. at ——, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982). The former element refers to the presumptive knowledge of the official, whereas the latter encompasses the official's subjective intent in performing the challenged conduct. Taken together, the defense of qualified, good faith immunity will not lie if the official "knew or reasonably should have known that the action he took within the sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with malicious intention to cause a deprivation of constitutional rights or other injury." *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975), *reh'g denied,* 421 U.S. 961, 95 S.Ct. 1589, 43 L.Ed.2d 790 (1975). *See Harlow, supra,* —— U.S. at ——, 102 S.Ct. at 2737 n. 25 noting that despite its specific context of school discipline, *Wood* stands as a general statement of the qualified immunity standard.

■ Most recently the Supreme Court refined the limits of qualified, good faith immunity, placing "[r]eliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law." *Harlow, supra,* —— U.S. at ——, 102 S.Ct. at 2739. Under this approach summary judgment should issue on the grounds of qualified, good faith immunity if the official's conduct did not violate clearly established statutory or constitutional rights at the time the challenged action occurred. Accordingly, if the law at that time was not clearly established then the official cannot be held to have known that his actions violated the rights of others. *Id.*

■ Although we reject McHugh's contention that he is entitled to absolute immu-

nity,[2] we hold that he is entitled to the defense of qualified, good faith immunity. From the record it is clear that the approval of termination assessments falls within the scope of the District Director's office. Further, the determination of jeopardy pursuant to 26 U.S.C. § 6851 can be deemed to be within the discretion of McHugh's office.[3] *Cf. Clark v. Campbell,* 501 F.2d 108, 125 n. 56 (5th Cir.1974), *cert. denied,* 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976); *Homan Mfg. Co. v. H.A. Long,* 242 F.2d 645, 655 (7th Cir.1957).

Based on the prior history of the present case, we conclude the actions of District Director McHugh did not violate clearly established statutory or constitutional rights of which a reasonable person would have known at the time the action occurred. As noted by the Supreme Court in disposing of the injunction issue, it was uncertain whether the IRS, when assessing and collecting the unreported tax due after the termination of a taxpayer's period, must follow the procedures mandated by 26 U.S.C. § 6861 for the assessment and collection of a deficiency whose collection is in jeopardy. *See Laing, supra,* 423 U.S. at 166–67, 96 S.Ct. at 477. Accordingly, since McHugh could not reasonably have been expected to be aware of the proper procedure not yet been declared, it cannot be concluded that his conduct violated clearly established statutory or constitutional rights. *See Harlow, supra,* —— U.S. at ——, 102 S.Ct. at 2739 ("If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful.") *See also Procunier v. Navarette,* 434 U.S. 555,

---

**2.** We reject McHugh's assertion that he is entitled to absolute immunity on the basis of the reasoning set forth in *Harlow, supra,* —— U.S. at ——, 102 S.Ct. at 2732–33. Other courts, likewise, have held that such officials of the IRS are entitled to only qualified immunity. *See, e.g., G.M. Leasing Corp. v. United States,* 560 F.2d 1011, 1014–15 (10th Cir.1977), *cert. denied,* 435 U.S. 923, 98 S.Ct. 1485, 55 L.Ed.2d 516 (1978); *Weir v. Muller,* 527 F.2d 872, 874

(5th Cir.1976); *Mark v. Groff,* 521 F.2d 1376, 1380 (9th Cir.1975).

**3.** Although the cited authorities deal with 26 U.S.C. § 6861, jeopardy assessment, such cases would equally apply to the Director's use of the jeopardy termination provisions of § 6851(a)(1) given the closely parallel treatment accorded to both provisions. *See Laing, supra,* 423 U.S. at 177, 96 S.Ct. at 482.

565, 98 S.Ct. 855, 861, 55 L.Ed.2d 24 (1978); *Wood, supra,* 420 U.S. at 321, 95 S.Ct. at 1000.

Since defendant McHugh established sufficiently his entitlement to the defense of qualified, good faith immunity, and appellant relied merely on her pleadings to defeat the defense, *see Bryant v. Commonwealth of Kentucky,* 490 F.2d 1273, 1275 (6th Cir.1974), it was proper for the district court to enter summary judgment for the defendant. *See Harlow, supra,* —— U.S. at ——, 102 S.Ct. at 2739; *Butz, supra,* 438 at 508, 98 S.Ct. at 2911, *Granger, supra,* 583 F.2d at 785–86.

### III

As to defendant Elmer Snider, a group manager for the IRS, the district court never reached the issue of immunity, finding such inquiry unnecessary in light of appellant's failure to state a claim for relief. We agree.

The record shows that an IRS official, not named in this action, was responsible for the preparation of the tax termination assessment. Defendant Snider was only one of many who "signed off" on the paperwork as it proceeded toward final approval by District Director McHugh. It is also apparent from the record that McHugh did not approve the assessment on the basis of any recommendation given by Mr. Snider. The only link between Snider and the appellant relates to a brief appearance made by Snider with lawyers for appellant shortly after the assessment was levied.

With respect to this appearance the record demonstrates that attorneys for appellant wanted to discuss the matter with Mr. McHugh, since he was the one who signed the assessment. However, Mr. McHugh was unavailable, and Mr. Snider merely appeared in McHugh's place. Beyond this encounter, appellant has not pointed to any evidence that Snider personally deprived her of any statutory or constitutional rights. Further, appellant is unable, except for bare conclusive allegations, to connect Snider with any conspiracy with State officials to constitute action under color of state law. It is clear that Mr. Snider's only connection to the present action is his mere approval of a routine field audit.

Accordingly, failure of appellant to come forward to show genuine issues of material fact warrants summary judgment for defendant Snider. *See Bryant, supra,* 490 F.2d at 1275.

### IV

Appellant also contends that the district court erred in dismissing the claim against the United States on the grounds that it is protected by the doctrine of sovereign immunity. Appellant argues that the United States has waived its immunity from suit under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., or, alternatively, that the doctrine of sovereign immunity should be abolished. We find these contentions to be without merit.

The United States is immune from suit under the doctrine of sovereign immunity except as it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607, *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Further, "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Mitchell, supra,* 445 U.S. at 538, 100 S.Ct. at 1351 *quoting United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). In an action for money damages it is clear that the Administrative Procedure Act cannot serve as a basis for a waiver of the Government's sovereign immunity. *See Califano v. Sanders,* 430 U.S. 99, 104–07, 97 S.Ct. 980, 983–85, 51 L.Ed.2d 192 (1977); *Newson v. Vanderbilt University,* 653 F.2d 1100, 1107 (6th Cir.1981). The Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., which waives to some extent the Government's immunity, is of no avail to appellant's claim of waiver since § 2680(c) of that Act pro-

vides an exception to a claim for relief arising from the assessment and collection of taxes. It is clear that the United States has not waived its immunity to suits of this nature. *See Stankevitz v. IRS,* 640 F.2d 205, 206 (9th Cir.1981); *Mack v. Alexander,* 575 F.2d 488, 489 (5th Cir.1978).

Appellant cites *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), as authority to abolish the doctrine of sovereign immunity. However, *Larson* does not stand for such a proposition, but, rather, the Court stated that such a repudiation was left to the will of Congress. 337 U.S. at 704–05, 69 S.Ct. at 1468–69. *See Newson, supra,* 653 F.2d at 1107.

### V

Appellant's final claim is that the district court erred in dismissing her claim against Kentucky state police officer Donald Powers. Appellant avers that officer Powers conspired with the other defendants to deprive her of her constitutional rights, alleging that Powers contacted the IRS and gave erroneous information which resulted in the faulty tax assessment. Appellant also claims that Powers, under color of state law, defamed her by telling friends and associates that she was involved in drug trafficking.

In dismissing the claim against officer Powers the district court held that since he was the only remaining defendant he could not be held to conspire with himself. Although it would be in error to dismiss the conspiracy claim against Powers merely because District Director McHugh was accorded qualified immunity, *see Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980), *Macko v. Bryon,* 641 F.2d 447, 449–50 (6th Cir.1981), the record is void of any proof as to a conspiracy between Powers and the other defendants.

■ The record shows that officer Powers, pursuant to his legal authority, executed a valid warrant to search the home of appellant. Further, the record demonstrates that Powers did not contact the IRS concerning appellant's alleged involvement in drug trafficking, but another police officer contacted the IRS without the approval or authority from officer Powers. While it is true that Powers, in his individual capacity, could be liable for any wrongful acts committed in his official capacity under 42 U.S.C. § 1983, it is clear from the record that, beyond the bare and unsupported allegations made by the appellant, no claim can be made against this defendant. Although the appellant raises the issue that Powers defamed her by saying to her friends and associates that she had been selling narcotics, we note that the claim of defamation, standing alone, is not subject to redress under § 1983, absent more tangible harm. *See Paul v. Davis,* 424 U.S. 693, 709, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976), *reh'g denied,* 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976).

Accordingly, the judgments of the district court are affirmed. No costs are taxed. The parties will bear their own costs on this appeal.