Mark SATO, Plaintiff,

v.

R. TABOR; D. Tomanica; Donald Bergherm; Dorothy Smith; Roscoe Egger; John Doe 1–X James Roe 1–X, Defendants.

Laura SATO, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Nos. 83 C 1002, 83 C 6202.

United States District Court, N.D. Illinois, E.D.

Nov. 18, 1983.

Laura Sato, Mark Sato, pro se.

James K. Wilkens, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This matter is before the court on the motion of defendant United States to dismiss and for costs. For the reasons hereinafter stated, defendant's motion to dismiss is granted, but the request for costs is denied.

Plaintiff taxpayer, Mark Sato, complains of violations of his constitutional rights and misapplication of the tax laws by the IRS. The dispute began when taxpayer received a notice of audit dated 11/10/81 regarding the years 1978, 1979 and 1980. The notice of audit directed the taxpayer to appear at the IRS office on 12/2/81 with necessary records. The taxpayer, in an undated reply letter, requested that the audit be rescheduled to 2/26/82 to allow the taxpayer additional time to prepare. The IRS replied on 12/2/81, denying the taxpayer's request to extend until 2/26/82, instead rescheduling the audit meeting for 12/14/81. The taxpayer replied on 12/9/81, requesting reconsideration of his request for the 2/26/82 date, stating that because of his many year-end projects, an audit on 12/14/81 would work a severe hardship upon him. The taxpayer failed to appear at the audit conference on 12/14/81 and took no further action. The IRS subsequently assessed additional taxes against the taxpayer for the years 1978, 1979 and 1980, creating a federal tax lien against the taxpayer's property.

In his *pro se* complaint, the taxpayer alleges that defendants, agents of the Internal Revenue Service, have conspired: 1) to wantonly and willfully misapply the internal revenue laws to taxpayer in violation of his fifth amendment rights to due process of law; 2) to deny taxpayer his "right to contract for labor" in violation of 42 U.S.C. § 1985; and 3) to deny taxpayer his "right to contract to administrative procedure" in violation of 42 U.S.C. § 1986. (See Complaint p. 4) The taxpayer contends that, since the IRS never replied to his 12/9/81 letter requesting reconsideration of the scheduled date and since the IRS subsequently assessed additional taxes against him, he was deprived of a hearing which was his right under the due process clause of the United States Constitution.

In addition, the taxpayer alleges that the IRS has misapplied 26 U.S.C. § 6014 and 26 U.S.C. § 6653 to him. Section 6014 provides that a taxpayer who meets certain requirements may elect to have the IRS determine the amount of taxes owed. Section 6653 provides for certain penalties in the event of non-payment or underpayment of tax.

The taxpayer seeks: 1) a temporary restraining order, preliminary and permanent injunctions barring defendants from any attempt by any means to collect the disputed taxes from taxpayer; 2) a declaratory judgment finding that the manner and method of determining the disputed tax is repugnant to due process and that the disputed tax is null and void and, 3) punitive damages from the defendants in the amount of $200,000.

## ACTION AGAINST UNITED STATES OF AMERICA

■ The taxpayer filed his complaint on February 11, 1983. On June 3, 1983, taxpayer applied to the Clerk of the Court for the Northern District of Illinois to enter default against some of the defendants.[1] There is no evidence in the file that this application was ever entered by the Clerk and this court declines to enter a default or a judgment of default. In the first instance, under Rule 55(e) of the Fed.R.Civ.P. no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. 6 J. Moore, Moore's Federal Practice ¶ 55.12. In view of this court's decision in favor of the government, this rule bars any default judgment in the instant case against defendant District Director Donald Bergherm or his successor since "officer" as used in Rule 55(e) includes a district director of the Internal Revenue Service. 7 J. Moore, Moore's Federal Practice ¶ 81.11.[2] Moreover, since this court regards this suit against individual officers or agents of the

---

**1.** The official file does not contain any application for entry of a default. It contains only a default notice filed May 9, 1983. The court's own file does contain two stamped copies for entry of default, one against defendant Tomanica and one against defendants Tomanica, Smith and Egger.

**2.** It also appears that Donald Bergherm was never properly served with process.

United States as a suit against the United States itself, entry of a default or judgment of default would be improper.[3]

Initially, this court finds that taxpayer's suit must be considered as a suit against the United States since a judgment against the United States would restrain the government from acting and affect the public treasury. *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). As the defendant points out, a release of the tax lien in the instant case would in effect restrain the government from acting, since it would prevent the collection of the disputed taxes. Moreover, a judgment for monetary damages which the taxpayer seeks would impact upon the public treasury. Thus, the taxpayer's suit is, in reality, a suit against the United States and thus must be considered in light of the sovereign immunity which protects the United States, its agents and officials, from suit except in certain limited circumstances.

### CONSTITUTIONAL, § 1985 and § 1986 CLAIMS

■ Recent cases addressing the immunity of IRS officials charged by taxpayers with constitutional and civil rights violations have held that such officials are entitled to a qualified, good faith immunity. *Hall v. United States*, 704 F.2d 246 (6th Cir.1983); *G.M. Leasing Corp. v. United States*, 560 F.2d 1011 (10th Cir.1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1485, 55 L.Ed.2d 516 (1978); *Weir v. Muller*, 527 F.2d 872 (5th Cir.1976); *Mark v. Groff*, 521 F.2d 1376 (9th Cir.1975). This qualified good faith immunity has both an objective and subjective element. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The objective element refers to the presumptive knowledge and respect public officials must have for "ba-sic, unquestioned constitutional rights." *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). The subjective element refers to the permissible intentions the public official may have. Taken together, these two elements have been interpreted to mean that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 800–818, 102 S.Ct. at 2727, 2738.

■ Applying this standard to the IRS' actions in the instant case, this court concludes that the taxpayer's allegations simply do not amount to any deprivation of his constitutional or civil rights. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).[4] The taxpayer's own pleadings establish that he was given notice of the proposed audit meeting, and an accommodating rescheduled audit meeting date, and he was sent a notice of deficiency by the IRS as required under the Internal Revenue Code, *Id.; see* 26 U.S.C. § 6861. The resulting assessment and filing of the Notice of Federal Tax Lien were also in accord with the Internal Revenue Code. *Id.* A taxpayer has no right to demand a specific audit date from the IRS. *See Morse v. Internal Revenue Service*, 635 F.2d 701 (8th Cir.1980). The taxpayer in the instant case did not indicate that attending the scheduled 2/26/82 audit meeting would be impossible, but merely that he was busy and would prefer a different date. (See Exhibit D to Plaintiff's Memorandum in Support of Plaintiff's Answer to Defendant's Motion to Dismiss). The lack of merit in the taxpayer's position is made more

---

**3.** This court also notes that in actions for declaratory and injunctive relief against federal officials, personal service was required under the rules governing service of process which were in effect when the complaint in the instant case was served. 2 J. Moore, Moore's Federal Practice ¶ 4.29. The record indicates that all defendants were not personally served.

**4.** Some courts have found that where there is insufficient evidence to connect IRS officials to any civil rights conspiracy, subject matter jurisdiction under 42 U.S.C. §§ 1985 & 1986 will not lie. *Hall v. United States*, 704 F.2d 246, 249 n. 1 (6th Cir.1983). However, jurisdiction under the doctrine announced in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) will lie and allow the court to consider the plaintiff's claims.

obvious when one considers his statement that he knew he could get a judicial hearing prior to collection of the disputed tax by going to Tax Court, an option which he declined to avail himself of. (See Plaintiff's Memorandum in Support of Plaintiff's Answer to Defendants' Motion to Dismiss at pp. 6–8). *See United States v. Dema,* 544 F.2d 1373, 1377 (7th Cir.1976). Similarly, the taxpayer's claim that he was deprived of his "right of contract" must fail for the same reasons. This court notes, moreover, that plaintiff still has access to judicial review. *Bob Jones University v. Simon,* 416 U.S. 725, 744, 746, 94 S.Ct. 2038, 2049–2050, 40 L.Ed.2d 496 (1974). As the Court found in *Bob Jones University,* an aggrieved taxpayer whose due process claim has been denied may pay the disputed taxes and bring suit for a refund. *Id.* The taxpayer in the instant case may also avail himself of this remedy.

### TAXPAYER'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF

■ In addition to taxpayer's constitutional and civil rights claims, his requests for injunctive and declaratory relief must also be denied. The Anti-Injunction provision of the Internal Revenue Code sets up an insurmountable barrier to a suit to restrain the assessment or collection of a tax or the seeking of equitable relief in relation thereto. *E.g. Blech v. United States,* 595 F.2d 462 (9th Cir.1979). The statute provides, in pertinent part that:

"no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

26 U.S.C. § 7421(a).

■ Only extraordinary circumstances justify invoking the one judicially created exception to the Anti-Injunction Statute. *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). First, the appellant must demonstrate that the traditional prerequisites for equitable relief are present. *Id.* Secondly, it must be clear that under the most liberal view of the law and facts, the government cannot ultimately prevail on its claim. *Id.; see also Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *United States v. Dema,* 544 F.2d 1373 (7th Cir.1976).

Measuring the taxpayer's situation in the instant case against this exception, this court finds that the taxpayer cannot bring himself within the exception. In the first instance, the taxpayer does not meet the traditional prerequisites for equitable relief. The taxpayer has acknowledged that he could have attended the audit meeting and could have subsequently filed a petition in the Tax Court to challenge the disputed tax. (See Plaintiff's Memorandum in Support of Plaintiff's Answer to Defendant's Motion to Dismiss at p. 6.) Although the taxpayer declined to bring his case to the Tax Court, an appeal to the Tax Court did provide him with an adequate remedy at law, which he waived. *Blech v. United States,* 595 F.2d 462 (9th Cir.1979). Even though the taxpayer can no longer bring his case before the Tax Court, he can, as previously noted, still challenge the disputed tax assessment by paying the tax and filing a proper refund suit. *United States v. Dema,* 544 F.2d 1373, 1377 (7th Cir. 1976). Thus, the taxpayer still has an adequate remedy at law and therefore fails to satisfy the threshold requirement for the granting of equitable relief. *Id.*

Furthermore, the taxpayer has not satisfied the second requirement of the Anti-Injunction Statute exception, since he has not demonstrated that the government cannot ultimately prevail with respect to its claim. The taxpayer contends that the IRS has misapplied § 6014 of the Internal Revenue Code. The taxpayer alleges that the Internal Revenue Service, by making an assessment against him without conducting a hearing, deprived him of his election rights under § 6014. This court finds such an allegation to be without merit and agrees with defendant that this is a totally convoluted reading of that provision which in no way restricts or limits the authority of the Internal Revenue Service to file returns on behalf of taxpayers pursuant to Section 6020(a). (Memorandum in Support of Unit-

ed States' Motion to Dismiss and for Costs at p. 9). The taxpayer has similarly failed to demonstrate that the government cannot ultimately prevail with respect to the application of § 6653, a penalty provision, and has therefore failed to satisfy the second requirement of the Anti-Injunction exception with respect to either claim.

Therefore, since the taxpayer's challenges to the government's application of the Internal Revenue Code fall squarely within the prohibition of § 7421(a), the Anti-Injunction Statute, and since the taxpayer is unable to bring himself within the narrow judicial exception to § 7421(a), this court concludes that the taxpayer's complaint for injunctive relief is barred and this court has no jurisdiction to grant the relief requested. E.g., *Hall*, 595 F.2d 467, 469; *see Blech v. United States*, 595 F.2d 462, 465 n. 5 (9th Cir.1979).

Similarly, the taxpayer's request that this court declare the IRS determination of his tax to be null and void must also be denied. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, upon which the taxpayer bases his request, declaratory relief in relation to federal taxes is barred. *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Blech*, 595 F.2d 462, 467. This prohibition has the same reach as the Anti-Injunction Statute and thus this court is similarly without jurisdiction to render a declaratory judgment relating to the assessment and collection of the taxpayer's federal taxes. *Id.*

## MOTION OF TAXPAYER'S WIFE FOR PRELIMINARY INJUNCTION AND COMPLAINT FOR WRONGFUL LEVY

In addition to taxpayer, Mark Sato's complaint, an additional complaint, now consolidated with this case has been recently filed by the taxpayer's wife, Laura Sato. Laura Sato's complaint challenges the federal tax liens filed against her condominium, evidently held in joint tenancy with Mark Sato. Mrs. Sato is apparently contesting the filing of the Notice of Federal Tax Lien against the property stating:

The tax years for which the lien was placed are 1978, 1979 and 1980 and the taxpayer so liened was Mark Sato. For these years the Plaintiff was not married to Mark Sato and in fact for the years 1978 and 1979 Plaintiff did not know Mark Sato.

(See Motion For Preliminary Injunction and Complaint for Wrongful Levy—83 C 6202 —¶ 6.)

This court interprets her pleading to contest the filing of a tax lien against property she jointly holds with her husband even though she had no tax liability for 1978 and 1979, the two years relevant to the lien. Mrs. Sato seeks injunctive relief lifting the federal tax lien and damages in the amount of $150,000.

For the same reasons that Mark Sato's claims are barred, Laura Sato's claims are also barred. The doctrine of qualified, good faith immunity protects the defendant United States since the actions of IRS officials in filing the Notice of Federal Tax Lien do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *See supra.* Therefore, to the extent Laura Sato's complaint seeks money damages for a violation of her civil and constitutional rights, her claim is barred by the doctrine of qualified immunity. Laura Sato's claim for injunctive relief must also be denied since it is barred, as is Mark Sato's similar claim, by the Anti-Injuntion Statute. See *supra.* Moreover, her claim for injunctive relief does not satisfy the two requirements needed to invoke the exception to the Anti-Injunction Statute. *See supra.* In the recent case of *United States v. Rodgers*, —— U.S. ——, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), the Supreme Court held that the Internal Revenue Code authorizes the sale of property held by a delinquent taxpayer, even though a spouse, who does not have any tax liability, also has a property interest in such property. The court, in fact, affirmed that § 7403(a) of the Internal Revenue Code provided not only that

the government may enforce its tax lien against property in which a non-taxpayer claims an interest, but that the government may also seek to subject any property of the delinquent taxpayer, or property in which he has any right, title or interest to the payment of tax liability, *Id.* at ___, 103 S.Ct. 2142. Although a non-taxpayer's property interest may be afforded certain protections when the government seeks to enforce its lien, a non-taxpayer cannot prevent attachment of the federal tax lien or a subsequent sale of a property to enforce such a lien. *Id.*

In light of *Rodgers,* any rights Laura Sato may have in the condominium will be adequately protected in a proceeding for enforcement of the federal tax lien. Therefore, she has an adequate remedy at law and does not satisfy the first exception to the Anti-Injunction Statute. She also fails to satisfy the second requirement since *Rodgers* indicates that the government may subject any property of the delinquent taxpayer or property in which he has any right, title or interest to the payment of tax liability. Therefore, Laura Sato cannot satisfy the second exception to the Anti-Injunction Statute, that under the most liberal view of the law and the facts, the government cannot ultimately prevail on its claim.

 In addition to its motion to dismiss, the government has also asked for an award of costs and attorneys' fees against the plaintiffs. This court finds that an award of costs and attorneys' fees is not warranted under the circumstances of the instant case. Although district courts are free to award attorneys' fees and costs against a party or attorney who has litigated in bad faith, a lesser standard may be applied to a *pro se* litigant, who may be unable, like an attorney, to do the necessary research to properly evaluate the merits of a claim. *McCandless v. The Great Atlantic and Pacific Tea Company, Inc.,* 697 F.2d 198 (7th Cir.1983). A lesser standard is also more appropriate in light of the fact that a *pro se* litigant is held to a less stringent standard in bringing a claim before a court. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Therefore, for the reasons stated in the foregoing opinion, the defendant's motion to dismiss is granted as to plaintiffs Mark and Laura Sato but the defendant's request for attorneys fees and costs is denied. Since this court has concluded that plaintiffs claims against the United States and the individual defendants cannot stand, this case is dismissed as to all defendants.