831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra HEWARD, Defendant-Appellant,
v.
Joseph J. JANOS, Jr., Plaintiff-Appellee.
 No. 87-1277.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1987.
 
 Before ENGEL, MERRITT AND KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant (defendant) appealed from the district court's order denying his motion for summary judgment based upon qualified immunity in this action styled after Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendant is a Revenue Agent for the Internal Revenue Service, Detroit Regional office. Plaintiff-appellee in this action is Sandra Heward.
 
 
 2
 Sandra Heward (plaintiff) filed a complaint on August 9, 1984 in the United States District Court against the Commissioner of the Internal Revenue Service (IRS), Revenue Officer David Hauenstein (Hauenstein), and Revenue Officer Joseph Janos (defendant or Janos).[1] The plaintiff brought a Bivens action for violation of her constitutional right to due process, predicated in Count I on a violation of federal statutory provisions, and in Count II on a violation of the Fifth Amendment's Due Process Clause. Plaintiff also brought a state tort action in Count III for intentional infliction of emotional distress.
 
 
 3
 Janos moved for summary judgment for the Bivens action in Counts I and II based upon a defense of qualified immunity, as enunciated in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and on the state tort action in Count III based upon a defense of absolute immunity, as explained in Hall v. United States, 704 F.2d 246 (6th Cir.), cert. denied, 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 698 (1983). The District Court denied defendant's motion on February 18, 1984, finding that questions of fact both as to qualified immunity for the Bivens action and absolute immunity for the state tort action precluded summary judgment in this case. Defendant brought a timely appeal from the District Court's denial of qualified and absolute immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526-30, 105 S.Ct. 2806, 2816-17, 86 L.Ed.2d 411 (1985); Kennedy v. City of Cleveland, 797 F.2d 297, 298, 299-300 (6th Cir.1986), cert. denied sub nom. Hanton v. Kennedy, --- U.S. ----, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987).
 
 
 4
 On May 30, 1983, the IRS notified plaintiff by letter of a potential unpaid tax liability for allegedly improper deductions claimed in 1980 and 1981. Plaintiff filed a timely appeal from this notice with the District Director of the IRS in Detroit, Michigan, where she resided. After an unsuccessful settlement conference on October 11, 1983 between plaintiff and a representative of the IRS, plaintiff was informed that the IRS would issue a Notice of Tax Deficiency arising from the inquiry. Plaintiff thereupon filed a timely petition with the United States Tax Court on April 19, 1983, contesting the issue of liability for the alleged tax deficiency. Plaintiff requested that her hearing on this matter be scheduled in Helena, Montana, where she would be moving. The Tax Court granted this request on April 24, 1983.
 
 
 5
 Sometime in November of 1983, the IRS assigned Revenue Officer Joseph Janos to collect the allegedly delinquent tax from plaintiff. On May 4, 1984, Janos first learned that plaintiff and her husband planned to sell their home on May 9, 1984 for cash[2] and that plaintiff planned to leave the state sometime shortly thereafter. About this same date, Janos contacted the Tax Protesters Coordinator's Office and the Detroit District Counsel's Office, requesting information to determine if the plaintiff had filed a petition with the Tax Court challenging the deficiency assessment. Both offices responded in the negative. Defendant has acknowledged that he did not request this information from the Tax Court.
 
 
 6
 Defendant asserted that he concluded that the plaintiff was attempting to conceal assets or depart the jurisdiction of the IRS, thus placing the collection of the tax delinquency in jeopardy. Defendant therefore requested an expedited assessment of plaintiff's deficiency liability on May 4, 1983, which apparently was completed shortly thereafter. Defendant then informed Hauenstein of these facts, and told him that he wanted to seize the amount of the alleged deficiency from plaintiff at the closing of the house.
 
 
 7
 On May 9, 1984, Janos and Hauenstein proceeded to the First Federal Savings Bank and Trust in Pontiac, Michigan, assisted by two special criminal Investigatory Agents from the IRS and two detectives from the Pontiac Police Department. These officers interrupted the closing of the sale of plaintiff's house, and levied $1875.95 in cash from the proceeds of the sale to satisfy the alleged deficiency. Plaintiff claims that she informed the officers at that time that she had filed a petition with the Tax Court contesting her liability for the deficiency in issue; and that she again advised the defendant of this information on the following day. Plaintiff also charges that Janos ignored her protestations, and proceeded to levy her property in spite of her imprecations. Defendant denies plaintiff's claim that she had informed him of the pendency of her suit in the Tax Court. Defendant has conceded that if he had known of plaintiff's petition to redetermine the tax deficiency, his seizure of plaintiff's assets would have violated her rights.
 
 
 8
 On appeal, defendant has argued that he was entitled to the defense of qualified immunity against the Bivens action as a federal official acting within the scope of his authority. See, e.g., Anderson v. Creighton, 483 U.S. ----, ----, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). While this is generally true, in order for the defense to apply, the government official must have been acting "within the scope of [his] official conduct" in the first instance. Hall, 704 F.2d at 249. In the present case, there are factual questions as to whether "the action [defendant] took [was] within the sphere of official responsibility," id. at 250 (quoting Wood v. Strickland, 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975); accord Harlow, 457 U.S. at 819, 102 S.Ct. at 2739, 73 L.Ed.2d 396, thus making summary judgment on the issue of qualified immunity inappropriate.
 
 
 9
 For example, questions of fact remain as to the justification for the expedited assessment and the seizure of the cash, as well as the procedures which were implemented in accomplishing the seizure. Additionally, there are factual questions as to the precise scope of defendant's authority in pursuing the collection of allegedly delinquent tax assessment. Moreover, there is a factual question as to whether defendant was informed of the pendency of the petition in Tax Court, especially since defendant has conceded that if he had known of this circumstance, his seizure would indeed have violated plaintiff's rights. See Kennedy, 797 F.2d at 299. As such, the District Court properly denied defendant's motion for summary judgment based upon qualified immunity against a Bivens action.
 
 
 10
 Defendant has also argued that he was entitled to absolute immunity as a federal employee against a state tort action brought in federal court. See. e.g., Hall, 704 F.2d at 249; Granger v. Marek, 583 F.2d 781, 784 (6th Cir.1978). However, in order for the defendant to invoke this absolute immunity, he must have been acting "within the scope of his powers." Granger, 583 F.2d at 785 (quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir.1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950)); accord Hall v. United States, 704 F.2d at 249 (federal officials only absolutely immune against state tort claims in federal court if acting within discretionary authority). Summary judgment on this issue is appropriate only upon proof that no genuine issue of material fact existed as to this issue. Granger, 583 F.2d at 785-86.
 
 
 11
 Accordingly, in light of the conflicts of material fact that remain concerning both qualified and absolute immunity, the District Court is AFFIRMED, and this case is hereby REMANDED to the District Court for further proceedings.
 
 
 12
 1. On February 18, 1984, the District Court granted the IRS's motion to dismiss on grounds of sovereign immunity. At the same time, the court granted Hauenst ein's motion to dismiss based upon improper service of process. Plaintiff has not appealed either of those actions.
 
 
 
 [2]
 The house closed for more than $27,000