894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton BOND, Plaintiff-Appellant,
v.
Eugene SILER, Jr., Defendant-Appellee.
 No. 89-6301.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1990.
 
 E.D.Ky.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Bond appeals pro se from the district court's order dismissing this case originally filed as a civil rights action under 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bond is a prisoner at the Luther Luckett Correctional Complex in LaGrange, Kentucky. The defendant is a federal district court judge. In his complaint, Bond alleged that the judge appointed a magistrate to serve as counsel for a defendant and improperly dismissed one of Bond's cases. He requested $3,000,000.00 in damages. The district court dismissed the case sua sponte as frivolous under 28 U.S.C. Sec. 1915(d) (1982).
 
 
 3
 The defendant in this case is a federal official. Federal officials are not subject to suit under 42 U.S.C. Sec. 1983. Hall v. United States, 704 F.2d 246, 249 n. 1 (6th Cir.), cert. denied, 464 U.S. 1002 (1983). The proper jurisdictional basis for this case is provided in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). We will construe the complaint to assert a Bivens claim.
 
 
 4
 The general rule is that a complaint is frivolous where it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). An example of a case which lacks an arguable basis in law is a case involving an immunity defense. 109 S.Ct. at 1833.
 
 
 5
 Here Bond sued Judge Siler for actions he took concerning Bond's cases. Judges are absolutely immune from damages for their judicial acts. Forrester v. White, 484 U.S. 219, 227 (1988). The judge's actions here cannot be construed as administrative acts. See Morrison v. Lipscomb, 877 F.2d 463, 466 (6th Cir.1989). Therefore, the district court properly dismissed the case based on the immunity defense.
 
 
 6
 The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.