**Robert Allen GALLAGHER,**
**Plaintiff–Appellant,**

v.

**Gordon LANE, Warden, et al.,**
**Defendants–Appellees.**

No. 03–3363.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2003.

Robert Allen Gallagher, pro se, Marion, OH, for Plaintiff–Appellant.

Before GIBBONS and SUTTON, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

Robert Allen Gallagher, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 21, 2002, Gallagher filed a complaint against Gordon A. Lane, warden of the North Central Correctional Institution ("NCCI"), Beverly Sperling, NCCI

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

cashier, Geraldine G. Park, Marion County, Ohio, Common Pleas Court Clerk, and the State of Ohio. Relying upon the Fourteenth Amendment, Gallagher alleged that the defendants violated his due process rights by withdrawing funds from his prison trust account to pay for court-ordered costs and medical services copayments. Gallagher alleged that his prison trust account funds should not have been withdrawn for such expenses because the state trial court "Ruled [him] to be Indigent" and "SS Drs. [social security doctors]" concluded that he was disabled. Gallagher also alleged that, on several occasions, less than ten dollars remained in his prison trust account after deductions for court costs and medical copayments. Gallagher sought monetary relief only.

The district court granted Gallagher's motion to proceed in forma pauperis. Despite Gallagher's failure to demonstrate exhaustion of his administrative remedies, the district court dismissed Gallagher's complaint for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). Gallagher has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Gallagher's complaint, as it failed to state a claim upon which relief may be granted. First, Gallagher's claim against the State of Ohio for monetary damages was barred by Eleventh Amendment immunity. *Will v. Mich-*

*igan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir.1992). Second, to the extent that Gallagher sued the individual defendants in their official capacities, the defendants were entitled to Eleventh Amendment immunity. *See Wolfel*, 972 F.2d at 718–19. To the extent that Gallagher sued the individual defendants in their individual capacities, his complaint failed to state a claim for relief. Gallagher failed to allege that Lane and Park were personally involved in any unconstitutional conduct. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983). Even if Lane and Park were sued because of the supervisory positions that they held, Gallagher's complaint failed to state a claim against them because the theory of respondeat superior cannot provide the basis for liability in a § 1983 action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir.1996).

Third, Park is, nevertheless, immune from liability in this case, as a court clerk who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages. *See Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.1997); *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir.1988). Fourth, Gallagher's complaint failed to state a due process claim against Sperling because Gallagher was not deprived of his property by virtue of the deductions from his prison trust account for court costs and medical copayments. *See Bailey v. Carter*, 15 Fed.Appx. 245, 251 (6th Cir.2001) (medical copayments). Even if Gallagher's allegations could constitute a due process claim for the unauthorized, intentional deprivation of his property, his claim lacked

merit because he failed to allege that his state post-deprivation remedies were inadequate. *See Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.