**Lurone LEE, Plaintiff–Appellant,**

v.

**MICHIGAN PAROLE BOARD; Michigan Department of Corrections; Bureau of Forensic Mental Health Services; Stephen Marschke; Bill Martin; Roger C. Smith, Defendants–Appellees.**

No. 03–1775.

United States Court of Appeals, Sixth Circuit.

June 23, 2004.

Lurone Lee, Jackson, MI, pro se.

Before: SILER, DAUGHTREY, and SUTTON, Circuit Judges.

### ORDER

Lurone Lee, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–34; the Rehabilitation Act (RA), 29 U.S.C. §§ 701–795n; the Michigan Handicappers' Civil Rights Act (MHCRA), Mich. Comp. Laws §§ 37.1101–02; and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 9, 2002, Lee filed a complaint against the Michigan Parole Board (MPB), MPB Chairman Stephen Marschke, the Michigan Department of Corrections (MDOC), MDOC Director Bill Martin, the Michigan Bureau of Forensic Mental Health Services (BFMHS), and BFMHS Director Roger C. Smith. Relying upon the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments, Lee alleged that the defendants denied him proper mental health treatment and services, subjected him to unconstitutional conditions of confinement, and retaliated against him because of his mental health. Lee also alleged that his failure to receive proper mental health treatment and services has adversely affected his parole hearings and eligibility for parole. Lee sought monetary, declaratory, and injunctive relief.

The district court dismissed Lee's complaint for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915A,

1915(e), and 42 U.S.C. § 1997e(c). Lee has filed a timely appeal. He requests oral argument. In addition, Lee has filed a "motion to supplement pleading exhibits," a motion for appointment of counsel, and a motion for a preliminary injunction.

We review de novo a district court judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915A and 1915(e). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* We also review de novo a district court judgment dismissing a prisoner's complaint under § 1997e(c). *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998).

■■■ Upon review, we conclude that Lee's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. First, Lee's claims against the MPB, the MDOC, and the BFMHS are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Abick v. Michigan,* 803 F.2d 874, 876–77 (6th Cir.1986). Second, Lee's complaint failed to state a claim for relief under the ADA, the RA, and the MHCRA. *See* 29 U.S.C. § 794(a)(RA); 42 U.S.C. § 12132(ADA); *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177–78, n. 3 (6th Cir.1996) (claims brought pursuant to the MHCRA are analyzed in accordance with federal law, such as the ADA and the RA). Assuming that Lee is handicapped within the meaning of the ADA and the RA, his complaint contained no allegations that the defendants discriminated against him sole-

ly because of his alleged handicap. Furthermore, Lee may not maintain an action under the ADA or the RA against the individual defendants identified in his complaint because neither the ADA nor the RA impose liability upon individuals. 29 U.S.C. § 794(b)(RA); 42 U.S.C. § 12131(1)(ADA).

■ Third, Lee's RICO claims against the defendants failed to state a claim for relief because he did not demonstrate any injury to his business or property, which is a prerequisite to a successful civil RICO claim. *See* 18 U.S.C. § 1964(c); *Fleischhauer v. Feltner*, 879 F.2d 1290, 1299–1300 (6th Cir.1989). Fourth, Lee's claims against the individual defendants lack merit because he failed to allege that the individual defendants were personally involved in or responsible for the alleged violation of his constitutional rights. *See Rizzo v. Goode*, 423 U.S. 362, 373–77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). Moreover, Lee may not base his claim against the individual defendants upon their denial of his administrative grievances. Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

Accordingly, we deny the request for oral argument and all pending motions and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.