NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0026n.06

No. 12-5488

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jan 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| THOMAS RIDGEWAY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| COMMONWEALTH OF KENTUCKY, | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellee. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Thomas Ridgeway, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

After Ridgeway filed his initial complaint, the district court ordered Ridgeway to refile his complaint on a court-approved form for section 1983 actions and advised Ridgeway to state how each defendant violated his constitutional rights. Ridgeway filed an amended complaint on the court-approved form. However, Ridgeway named the Commonwealth of Kentucky as the sole defendant.

Ridgeway alleged that he was unlawfully arrested and received inhumane treatment from the start of his detention until the time he filed his complaint. He further alleged that he was denied due process, medical aid, the right to engage in religious practices, and was subjected to unlawful use of force resulting in physical injury. Additionally, he alleged unlawful seizure of his property and of an animal. All of this, Ridgeway asserted, violated his constitutional rights and civil liberties. The district court dismissed Ridgeway's complaint pursuant to 28 U.S.C. § 1915A.

We review de novo a district court's dismissal of a complaint pursuant to section 1915A. *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008). Dismissal for failure to state a claim is appropriate when the complaint's factual allegations, taken as true, fail to show entitlement to relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

We recognize that pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). This complaint form, however, contains no specifics whatsoever. In order for the plaintiff to proceed, he should provide detail as to how each defendant allegedly violated his constitutional rights. Ridgeway failed to allege how any defendant was personally involved in the deprivation of his constitutional rights and for this reason, the district court properly dismissed the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Ridgeway failed to meet this obligation or even name any individual defendants.

Additionally, the Commonwealth of Kentucky is not a proper defendant. The district court appropriately dismissed the Commonwealth of Kentucky because a state is not a "person" for purposes of section 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and the Eleventh Amendment bars any claims against it. *See Grinter*, 532 F.3d at 572.

The district court's judgment is affirmed.