**Elizabeth Jane HALL, Plaintiff-Appellee,**

v.

**UNITED STATES of America et al., Defendants-Appellants.**

No. 73–1614.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 11, 1973.

Decided March 12, 1974.

———◆———

Gary Allen, Dept. of Justice, for defendants-appellants; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; George J. Long, U. S. Atty., David L. Huber, Asst. U. S. Atty. of counsel.

Edwin F. Kagin, Jr., Louisville, Ky., for plaintiff-appellee; Donald M. Heavrin, Louisville, Ky., on brief; Michael D. Graves, Tulsa, Okl., of counsel.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

This appeal is from a preliminary injunction granted by the District Court, restraining the sale of taxpayer's automobile and the collection of a jeopardy assessment made without any notice of deficiency, which assessment is alleged to be invalid because it compelled taxpayer to pay the tax without affording her a remedy in the Tax Court to determine its validity.

The Director of Internal Revenue Service wrote to the taxpayer on February 1, 1973, stating that he found her involved in illicit drug activities tending to prejudice or render ineffectual the collection of income tax for the period January 1, 1973 through January 30, 1973. Accordingly, under the authority of Section 6851 of the Internal Revenue Code, he declared her taxable period commencing January 1, 1973 terminated as of January 31, 1973, and the income tax for such period to be immediately due and payable. He further stated that the tax for said period in the amount of $52,680.25, would be assessed immediately and he made demand for the payment thereof.

The fact is that the tax was assessed on February 1, 1973. The Director did not furnish to taxpayer any documents or papers to indicate how or in what manner the tax was computed.

Except for such short-term termination, taxpayer's income tax return would not have been required to be filed until April 15, 1974.

Taxpayer was unable to pay the tax and Internal Revenue Service then levied on all of her property, which included her Volkswagen automobile and her bank account. The bank paid the money out of the account to Internal Revenue Service. Internal Revenue Service proceeded to take bids on taxpayer's automobile.

Taxpayer then instituted the present action in the District Court, which granted a temporary restraining order and then a preliminary injunction, from which the Service has appealed.

In granting the injunction the District Court relied on Rambo v. United States, 353 F.Supp. 1021 (W.D.Ky.1972) and Schreck v. United States, 301 F. Supp. 1265 (D.Md.1969).

The facts in *Rambo* are similar to the facts in the case at bar. This Court has since affirmed *Rambo*. Rambo v. United States, 492 F.2d 1060 (6th Cir. 1974). *Rambo* is decisive of all the legal questions involved in our case and we will follow it.

In the opinion in *Rambo*, written for the Court by Circuit Judge William E. Miller, it was pointed out that normally the taxpayer would have no recourse to restrain the collection of an invalid tax because of the provisions of Section 7421(a). Taxpayer's only remedy would be to pay the tax, file her return, and then sue for a refund.

We rejected the contention of I.R.S. that the assessment was made under Section 6201 because the authority for assessing such a tax was derived from the provisions of Section 6861, not 6201. Section 6861 provides for the assessment of a deficiency and demand for payment. A deficiency notice to taxpayer must be given within sixty days after the assessment. No such notice was ever given to taxpayer. Had such determination been made and the deficiency notice given, taxpayer could have resorted to the Tax Court for determination of the validity of the tax.

It is very important to a taxpayer, particularly to one who does not have $52,000, that she have a right to litigate the validity of the tax before her property is levied upon and sold to pay the tax. The Tax Court of the United States was established for the very purpose of providing such a remedy for taxpayers. Because of the failure of I.R.S. to determine a deficiency and to give sixty days' notice to taxpayer, as the law required, I.R.S. has prevented plaintiff from availing herself of the remedy in the Tax Court. Her only remedy, therefore, was to file the injunction suit in the District Court.

Affirmed.