**Elizabeth Jane HALL,
Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al.,
Defendants-Appellees.**

No. 82–5743.

United States Court of Appeals,
Sixth Circuit.

Argued June 3, 1985.
Decided Sept. 25, 1985.

**704**

Edwin F. Kagin, Jr. (argued) Don Armstrong, Jr., Louisville, Ky., for plaintiff-appellant.

Ronald E. Meredith, U.S. Atty., Mike Spalding, Louisville, Ky., Glenn L. Archer, Jr., Asst. Atty. Gen., Dept. of Justice, Tax Div., Washington, D.C., Michael L. Paup/Michael Roach (argued), Chief, Appellate Section, Robert T. Duffy, Thomas A. Gick, Washington, D.C., for defendants-appellees.

Before WELLFORD and MILBURN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.[*]

PER CURIAM.

This is the third appeal in this case. The issue in the present appeal is whether appellant Elizabeth Hall is entitled to attorney fees as a prevailing plaintiff against the United States and officials of the Internal Revenue Service. For the reasons that follow, we affirm the district court's denial of attorney fees.

I.

In *Hall v. United States*, 493 F.2d 1211 (6th Cir.1974 (*per curiam* ), *aff'd sub nom. Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976), this court affirmed the district court's entry of a preliminary injunction restraining the Internal Revenue Service from levying appellant's automobile and bank account to satisfy an assessment. The District Director of the IRS notified appellant that because she had been involved in illicit drug activities that would tend to prejudice collection of income tax for the period of January 1, 1973, through January 30, 1973, her taxable period was terminated as of January 31, 1973, and her income tax for that period was immediately due and payable. He demanded immediate payment of Fifty-Two Thou-

---

[*] The Honorable Harry Phillips died on August 3, 1985, after this case was argued. Judge Phillips did not participate in the disposition of this case.

sand, Six Hundred Eighty and 25/100 Dollars ($52,680.25). There was no explanation of how this amount was computed. The District Director acted under the authority of section 6851 of the Internal Revenue Code. The district court and this court held that the case was controlled by *Rambo v. United States*, 353 F.Supp. 1021 (W.D.Ky.1972), *aff'd*, 492 F.2d 1060 (6th Cir.1974), *cert. denied*, 423 U.S. 1091, 96 S.Ct. 886, 47 L.Ed.2d 103 (1976). This court held the procedures for the assessment of a deficiency and demand for payment were governed by section 6861 of the Internal Revenue Code. Because the IRS had not given appellant a deficiency notice within sixty (60) days of the assessment, which would have given her access to the tax court, the injunction was upheld. 493 F.2d at 1212.[1]

The IRS petitioned for certiorari to the Supreme Court, which affirmed. *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). The Supreme Court held that when a taxable period is terminated pursuant to 28 U.S.C. § 6861, the unreported tax due is a "deficiency" as defined in 26 U.S.C. § 6211(a) and the assessment of that deficiency is subject to the notification requirement of 26 U.S.C. § 6861. 423 U.S. at 164, 96 S.Ct. at 476. The Supreme Court opinion decided the issue solely by interpreting the tax code. It did not address due process considerations. *See id.* at 185–89, 96 S.Ct. at 486–88 (Brennan, J., concurring).

Following the Supreme Court opinion, the district court undertook consideration of appellant's claims for damages against the United States, District Director McHugh, another IRS official, Elmer Snider, and a state police officer, Donald Powers. The court had been holding these claims in abeyance pending resolution of the injunction issue on appeal. On summary judgment, the district court dismissed all claims for damages on various grounds, and this court affirmed. *Hall v. United States*, 704 F.2d 246 (6th Cir.), *cert. denied*, — U.S. ——, 104 S.Ct. 508, 78 L.Ed.2d 698 (1983). Appellant alleged a conspiracy between federal officials and the state police officer to deprive her of due process of law. She brought the action under 42 U.S.C. §§ 1983, 1985, and 1986. This court affirmed the district court's holding that there was insufficient evidence of conspiracy to present a jury issue on the section 1985(3) claim.[2] 704 F.2d at 252. This court also held that no claim lay against the state police officer because appellant could point to no wrongdoing on his part. *Id.* The court then recognized that the remaining claims were against federal officials who acted under color of federal law; therefore, the claims could not be pursued under section 1983 and were construed as *Bivens* claims. *Id.* at 249 n. 1. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The *Hall II* court proceeded to hold that the IRS officials established that they were entitled to qualified immunity from suits for damages because they had acted in good faith. 704 F.2d at 249–50. The court, relying on *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), held the IRS officials were entitled to qualified immunity on motion for summary judgment because they had not violated any clearly established constitutional or statutory rights of which a reasonable person should have known. This court held:

> As noted by the Supreme Court in disposing of the injunction issue, it was uncertain whether the IRS, when assessing and collecting the unreported tax due after the termination of a taxpayer's period, must follow the procedures mandated by 26 U.S.C. § 6861 for the assessment and collection of a deficiency whose

---

1. Congress since has added 26 U.S.C. § 7429 to alleviate the hardship that arises from use of jeopardy and termination assessments. S.Rep. No. 94–938, 94th Cong.2d Sess. at 362–67, U.S. Code Cong. & Admin.News 1976, 2897.

2. It should be noted as well that there was no allegation of the class-based animus required for a section 1985(3) claim. *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

collection is in jeopardy. *See Laing, supra*, 423 U.S. at 166–67 [96 S.Ct. at 477–78].

704 F.2d at 250. The court stressed that the IRS officials could not reasonably have been expected to know of the proper procedure when it had not been declared at the time they acted.

## II.

After the district court had disposed of appellant's damages claims and her appeal to this court was pending, she moved for attorney fees for her successful injunction claim. In her motion for attorney fees, filed July 13, 1982, appellant relied exclusively on the fee provision in 42 U.S.C. § 1988, which authorizes attorney fees for prevailing plaintiffs in specified civil rights actions including 42 U.S.C. §§ 1983 and 1985. The district court, in an order entered October 6, 1982, denied the fee application because "the plaintiff's suit was not successful as an enforcement action" under any of the specified statutes listed in section 1988. The court stressed that the injunction issued because of the government's failure to file a deficiency notice within sixty (60) days after a jeopardy assessment as required by 26 U.S.C. § 6861(b). It also noted that the injunction was not based on section 1983, which applies to individuals acting under color of state law, because the action was against federal officials acting under color of federal law. The court again emphasized this point in its order denying appellant's motion to reconsider. At no time did the parties or the court address the availability of attorney fees under the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412.[3]

## III.

We conclude that appellant is not entitled to attorney fees under the provisions of 42 U.S.C. § 1988. Section 1988 provides in part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The injunction claim upon which appellant prevailed in previous litigation was not based on any of the statutes specified in section 1988. Section 1983, upon which appellant relies, provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The injunction that appellant obtained restrained not action taken under color of state law, but action by officials of the IRS taken under color of federal law. Although appellant originally invoked jurisdiction under section 1983 because she alleged involvement by a state police officer in the seizures, her case concerned actions of officials of the IRS acting under authority they erroneously presumed to exist in the Internal Revenue Code. The prior decisions of this court and the Supreme Court, which are the law of the case, construe the injunction claim as an action concerning the Internal Revenue Code. The levying of property, therefore, was taken under color of federal law. Moreover, the court in *Hall II* held conclusively that appellant had no cause of action under 42 U.S.C. § 1985

---

**3.** For tax cases beginning on or after March 1, 1983, the Equal Access to Justice Act has been superseded by 26 U.S.C. § 7430, which allows recovery of attorney fees from the United States where its litigation position was "unreasonable."

or against any state official. This court construed the claims for damages as *Bivens* claims alleging that federal officials violated the United States Constitution.

Section 1988 does not provide for awards of attorney fees in *Bivens* actions. Regardless of whether the injunction issue prevailed as a matter of federal statutory or constitutional law, the seizures were taken under color of federal law. The absence of action "under color of state law" precludes application of section 1983. The fee provision available for sections 1983 and 1985 claims simply is not available to appellant. Appellant notes that at the time the Attorney Fees Awards Act (the section 1988 amendment) was enacted in 1976, the statute dealing with award of costs against the United States, 28 U.S.C. § 2412, specifically excluded recovery of fees from the United States. She maintains that the Equal Access to Justice Act, which amended section 2412 in 1980, removed the impediment to awards of attorney fees in actions against the United States. We disagree.

Two provisions of the Equal Access to Justice Act guide our analysis. The first, 28 U.S.C. § 2412(b), provides that the United States shall be liable to prevailing plaintiffs for costs and attorney fees in any action brought against the United States, or an agency or official of the United States "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." The second provision, 28 U.S.C. § 2412(d)(1)(A), provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust.

Appellant seems to argue that section 2412(b) makes the United States liable for attorney fees for *Bivens* actions because it is liable "to the same extent" that a state, county, or state official would be liable for attorney fees under section 1988 for a section 1983 action. This proposition has been rejected by the overwhelming majority of courts addressing the issue. *See Premachandra v. Mitts*, 753 F.2d 635, 641 (8th Cir.1985) (*en banc*); *Lauritzen v. Lehman*, 736 F.2d 550, 553–55 (9th Cir.1984); *Saxner v. Benson*, 727 F.2d 669, 673 (7th Cir.1984), *cert. granted*, —— U.S. ——, 105 S.Ct. 1166, 84 L.Ed.2d 318 (1985). *See also Knights of the Ku Klux Klan v. East Baton Rouge Parish School Board*, 735 F.2d 895, 899–900 (5th Cir.1984) (section 1988 applies to the United States when federal officials are involved in section 1985(3) conspiracies; court does not reach the issue of federal liability under section 1988 for pure *Bivens* actions). *But see Boudin v. Thomas*, 732 F.2d 1107, 1114 (2d Cir.1984) (dicta that federal actions may be covered by section 1988).

We join the clear majority of courts and hold that the federal government is not liable for attorney fees under section 1988 for pure *Bivens* actions. The federal government must violate one of the sections enumerated in section 1988 to be liable for attorney fees under that section. Federal officials do not violate section 1983 by acting under color of federal law. Because this court previously held that there was no conspiracy or joint action between federal and state officials, there was no violation of sections 1983 or 1985 in this case. As the courts have recognized, reading purely federal actions into section 1988 by way of 28 U.S.C. § 2412(b) would negate the language of 28 U.S.C. § 2412(d)(1)(A). *Premachandra*, 753 F.2d at 638; *Lauritzen*, 736 F.2d at 557–58. Section 2412(b) is a limited waiver of sovereign immunity and is to be strictly construed. *Premachandra*, 753 F.2d at 641. Section 2412(d)(1)(A), the standard Con-

gress intended to govern cases such as this, provides for attorney fees against the United States when its position is not "substantially justified." Attorney fees may not be assessed against the United States in *Bivens* actions where the government's position is substantially justified. Appellant was limited to the fee provisions of the Equal Access to Justice Act.

## IV.

■ We construe appellant's application for attorney fees as an application under 28 U.S.C. § 2412(d)(1)(A). Appellees maintain that appellant's application on July 13, 1982, was not timely because it was not filed "within thirty days of final judgment" as required by section 2412(d)(1)(B). They argue that appellant was required to file within thirty (30) days of the effective date of the Equal Access to Justice Act (October 1, 1981) because the district court entered a "final" judgment on liability on July 2, 1981. It should be noted that the Equal Access to Justice Act applies to cases pending at the time of its effective date. *See* Section 208 of Pub.L. 96–481, set out as a note under 5 U.S.C. § 504; *see also Knights of the Ku Klux Klan v. East Baton Rouge Parish School Board,* 735 F.2d at 897; *Berman v. Schweiker,* 713 F.2d 1290, 1296–99 (7th Cir.1983). A final judgment for purposes of section 2412(d)(1)(B), however, is one that is final and not appealable. *Feldpausch v. Heckler,* 763 F.2d 229, 230–32 (6th Cir.1985); *McDonald v. Schweiker,* 726 F.2d 311, 315 (7th Cir.1983). As this court noted, requiring fee applications after each district court decision that remains appealable raises the problem of multiple fee applications before the final disposition of a case. *Feldpausch,* 763 F.2d at 231. Quoting the *McDonald* case with approval, this court held "it makes more sense, at least from the claimant's viewpoint, to be able to file a single application at the conclusion of all the proceedings...." *Id.* (quoting *McDonald,* 726 F.2d at 314).

We proceed to determine the merits of appellant's claim under section 2412(d)(1)(A). Although the district court did not consider the merits of the claim under section 2412(d)(1)(A), given the long history of this case and the clarity of the issue on the present appeal, no purpose would be served by a remand for consideration under section 2412(d)(1)(A).

In *Hall II,* this court held:

Based on the prior history of the present case, we conclude the actions of District Director McHugh did not violate clearly established statutory or constitutional rights of which a reasonable person would have known at the time the action occurred. As noted by the Supreme Court in disposing of the injunction issue, it was uncertain whether the IRS, when assessing and collecting the unreported tax due after the termination of a taxpayer's period, must follow the procedures mandated by 26 U.S.C. § 6861 for the assessment and collection of a deficiency whose collection is in jeopardy. *See Laing, supra,* 423 U.S. at 166–67, 96 S.Ct. at 477. Accordingly, since McHugh could not reasonably have been expected to be aware of the proper procedure not yet been declared, it cannot be concluded that his conduct violated clearly established statutory or constitutional rights. *See Harlow, supra,* [457] U.S. at [819], 102 S.Ct. at 2739 ("If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful.").

704 F.2d at 250.

■ Although the issue of qualified immunity of government officials differs from the issue of liability of a governmental unit, *see Owen v. City of Independence,* 445 U.S. 622, 647, 100 S.Ct. 1398, 1413, 63 L.Ed.2d 673 (1980) (municipality may not assert the immunity of its officials to avoid liability for unconstitutional municipal policy), the analysis in *Hall II* clearly bears on the issue whether the government's position was "substantially justified" under

section 2412(d)(1)(A). This court and the Supreme Court found that at the time of the challenged seizures, there was considerable uncertainty whether the IRS was required to follow the procedures mandated by 28 U.S.C. § 6861. This court held previously that appellees violated no "clearly established" rights, and the Supreme Court spent considerable time to resolve the issue and resolve a split of authority in the court of appeals. Accordingly, we hold that the United States was substantially justified and is not required to pay appellant's attorney fees.

The decision of the district court is AFFIRMED. No costs are taxed. The parties shall bear their own costs on this appeal.