Walter BERGMAN and James Drummond as Personal Representatives of Estate of Frances Bergman, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. G77-6.

United States District Court, W.D. Michigan, S.D.

Nov. 17, 1986.

Neal Bush, William H. Goodman, Mark Granzotto, Deborah LaBelle, Elizabeth Gleicher, Detroit, Mich., for plaintiffs.

Nicki L. Koutsis, U.S. Dept. of Justice, Civil Div., Torts Branch, Joseph Sher, Washington, D.C., for defendant.

## OPINION

ENSLEN, District Judge.

There remain three matters for the Court to decide in this lengthy proceeding: (1) defendant's objections to plaintiffs' February 15, 1985 Bill of Costs; (2) plaintiffs' July 16, 1985 Motion to Extend Time for Filing Plaintiffs' Reply Brief; and (3) plaintiffs' April 10, 1984 Motion for Attorneys' Fees and Expenses. For the reasons discussed below, the Court will grant plain-

tiffs all of the costs they have requested, grant plaintiffs' motion for an extension of time, and deny plaintiffs' motion for attorneys' fees and expenses.

### Facts

The facts of this case are covered in detail in the Court's prior opinions and will not be repeated here except as needed to resolve these three matters. *See Bergman v. United States*, 579 F.Supp. 911 (W.D. Mich.1984); *Bergman v. United States*, 565 F.Supp. 1353 (W.D.Mich.1983); *Bergman v. United States*, 551 F.Supp. 407 (W.D.Mich.1982). Plaintiffs filed their request for attorneys' fees and expenses on April 10, 1984, after the Court had entered a "Judgment Order" against the United States. The parties subsequently stipulated to entry of a "Final Judgment" against the United States, and to dismissal of plaintiffs' claims against defendants Barret G. Kemp and Thomas J. Jenkins, on November 14, 1984. The parties then attempted to settle the issue of plaintiffs' costs and attorneys' fees between themselves. Their efforts were unsuccessful, however, and they filed supplemental briefs on the issue in July, 1985.

### Discussion

#### A.  Bill of Costs

Plaintiffs have requested an award of costs in the amount of $14,212.46. Defendant the United States objects to three portions of plaintiffs' Bill: (1) the cost of a copy of part of the trial transcript in *Peck v. United States;* (2) the cost for travel in excess of 100 miles from the courthouse for some of plaintiffs' witnesses; and (3) plaintiffs' exemplification and copying costs. The Court finds that plaintiffs' costs are proper under 28 U.S.C. § 1920 and will grant their request in full.

Section 1920(2) allows a district court to tax as costs against the United States "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendant argues that plaintiffs obtained a copy of the trial tran-

script in *Peck* only for "purposes of investigation or preparation for trial" and that they thus cannot recover the cost of the transcript. *See Hill v. BASF Wyandotte Corp.*, 547 F.Supp. 348, 351–52 (E.D.Mich. 1982). Plaintiffs note in response that they seek only the costs they incurred in securing the portions of the *Peck* transcript that were introduced into evidence at the trial in this case. They argue that since they introduced these portions of the transcript—such as the testimony of Burke Marshall and Barrett Kemp—into evidence, such portions clearly were "necessarily obtained for use" in this case. *See Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985) (taxation of deposition costs); *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir.1981) (referring to deposition costs).

■ The Court believes that plaintiffs have demonstrated that they "necessarily obtained" the transcript of the *Peck* trial "for use in" this case and thus will deny defendant's objection on this ground. The Court received portions of the transcript into evidence and considered them in reaching its decisions. Plaintiffs therefore should be able to recover the cost they incurred in securing such portions of the transcript.

■ The second set of costs to which defendant objects are the travel costs plaintiffs incurred in bringing nine witnesses from outside the Western District of Michigan to the place of trial. As defendant argues, courts generally are hesitant to award as costs the travel costs of witnesses who reside beyond the subpoena power of the court. *See Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 231–36, 85 S.Ct. 411, 414–17, 13 L.Ed.2d 248 (1964); *Mastrapas v. New York Life Insurance Co.*, 93 F.R.D. 401, 405–06 (E.D.Mich.1982); *Kenyon v. Automatic Instrument Co.*, 10 F.R.D. 248, 252 (W.D.Mich.1950), *aff'd*, 186 F.2d 752 (6th Cir.1951); *see also* FRCP 45(e)(1). The Supreme Court held in *Farmer*, however, that a district court does have the discretion to award costs for the travel of witnesses from beyond the court's sub-

poena power. *Farmer*, 379 U.S. at 232, 85 S.Ct. at 415; *see also Sperry Rand Corp. v. A–T–O, Inc.*, 58 F.R.D. 132, 136 (E.D.Va. 1973); *Kaiser Industries Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5, 10 (E.D.Mich. 1970). Among the factors a court should consider in exercising this discretion are "the relevancy and necessity of the witnesses' testimony" and "whether the party calling the out-of-state witness had attempted to secure prior approval of the court for such expenses being taxed as costs." *Sperry Rand Corp.*, 58 F.R.D. at 136.

■ In this case, plaintiffs did not request the Court for permission to tax the travel costs in question as costs under rule 54(d). The Court furthermore generally attempts to adhere to the subpoena power or 100–mile rule. This case, however, presents some exceptional circumstances that justify allowing plaintiffs the full amount of their witnesses' travel costs. First, the events at issue occurred over twenty years ago and in a state other than Michigan. It thus could have been expected that many of the witnesses would come from out-of-state. Second, the witnesses for which plaintiffs seek travel expenses were important to plaintiffs' case. All of them provided critical testimony that enabled plaintiffs to present their case to the Court. Their testimony was both relevant and necessary to plaintiffs' case. The Court therefore believes that plaintiffs should recover the travel costs of these witnesses. As an alternative ground for my decision with regard to Dr. John Gilroy and Dr. George Mogill, I note that both of these persons reside within the Court's subpoena power and that their travel costs thus would be taxable even under the standard defendant proposes. *See* FRCP 45(e)(1); MCR 2.506(G)(1).

The final point of contention between the parties on the costs issue concerns plaintiffs attempt to claim $2,708.05 in exemplification and copying costs. See 28 U.S.C. § 1920(4). Defendant objects to these costs because plaintiffs provided no details regarding their need or amount. Plaintiffs did provide appropriate documentation in their response to defendant's objections, however. Defendant filed no further objections with the Court and the Court sees no reason not to allow these costs. I therefore will reject defendant's objection on this ground.

In accordance with the above discussion, the Court will enter an order denying defendant's objections and granting plaintiffs' Bill of Costs in the amount of $14,-212.46.

### B. *Motion to Extend Time*

On May 15, 1985 the Court ordered defendant to file its response to plaintiffs' motion for attorneys' fees and expenses, if one was necessary, by July 1, 1985. I gave plaintiffs until July 15, 1985 to reply to defendant's response. Plaintiffs filed their reply brief on July 16, 1985 and request a one day extension of time from the Court. Defendant has not objected to plaintiffs' request, and the Court sees no reason to deny it. I therefore will grant plaintiffs' motion and accept their July 16, 1985 reply brief.

### C. *Motion for Attorneys' Fees and Expenses*

The most difficult issue remaining before the Court is whether I should grant plaintiffs' request for an award of attorneys' fees and expenses against defendant the United States. It is clear that plaintiffs "prevailed", as that term is generally used in fee-shifting statutes, against the United States on the merits of their complaint. Any party seeking to recover their attorneys' fees and expenses from the United States, however, faces two obstacles: (1) the "American rule" that each party is to bear their own fees and expenses; and (2) the sovereign immunity of the United States from monetary awards, including awards of attorney fees and expenses. In this case, plaintiffs were able to prevail on their claim for monetary relief against the United States because Congress has waived the United States' sovereign immunity from tort actions in the Federal Tort

Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2401(b), & 2671–80; *see* plaintiffs' Second Amended Complaint, ¶¶ 46–53. The FTCA, however, does not contain a provision allowing prevailing parties to recover their attorneys' fees and expenses from the United States. Plaintiffs attempt to base this Court's authority to award them their attorneys' fees and expenses on three grounds: (1) the interplay between 28 U.S.C. § 2412(b), the Equal Access to Justice Act, and 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976; (2) the common law "willful disobedience of a court order" exception to the American rule that is incorporated into 28 U.S.C. § 2412(b); and (3) 28 U.S.C. § 2412(d). The Court finds, however, that none of these provisions justify an award of attorneys' fees and expenses against the United States in this action and thus must deny plaintiffs' motion.

### 1. Section 2412(b) and Section 1988

In the Equal Access to Justice Act, Congress enacted a broad waiver of the United States' sovereign immunity from attorneys' fees and expenses. Two provisions of that Act are relevant to this proceeding. The first is section 2412(b), which provides as follows:

> (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (1), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b). As I noted above, plaintiffs argue that defendant is liable for their fees and expenses under the common law "willful disobedience of a court order"

exception to the American rule. I will discuss that exception later in this opinion. Plaintiffs also argue that the United States is liable for their fees and expenses under the "terms of any statute which specifically provides for such an award" portion of section 2412(b) because 42 U.S.C. § 1988 is such a statute that applies in this instance.

Section 1988 provides in pertinent part as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. It is clear that due to the interplay between section 2412(b) and section 1988, the United States may be liable for a prevailing party's attorneys' fees and expenses when it " 'is sued under a statute "specifically" referred to in Section 1988.' " *Knights of the Klu Klux Klan v. East Baton Rouge Parish School Board,* 735 F.2d 895, 899 (5th Cir.1984). A prevailing party cannot employ sections 2412(b) and 1988 to recover its attorneys' fees and expenses against the United States, however, merely because the United States is found to have engaged in conduct that if engaged in by some other party, such as a private party or a person acting under color of state law, would have led to liability under one of the statutes enumerated in section 1988. *See Unification Church v. Immigration & Naturalization Service,* 762 F.2d 1077, 1080 (D.C.Cir.1985); *Premachandra v. Mitts,* 753 F.2d 635 (8th Cir. 1985) (*en banc*). Thus, a federal agency is not liable for attorneys' fees and expenses under section 2412(b) even if it and its agent engage in conduct that if engaged in by a person acting under color of state law would violate 42 U.S.C. § 1983 and lead to attorneys' fees liability under section 1988. *Unification Church,* 762 F.2d at 1079–80. As the Sixth Circuit has stated, "[t]he federal government must violate one of the sections enumerated in section 1988 to be

liable for attorney fees under that section." *Hall v. United States*, 773 F.2d 703, 707 (6th Cir.1985).

Plaintiffs argue that they are entitled to recover their attorneys' fees under the above case law because this Court did find that defendant had violated one of the "sections enumerated in section 1988"; specifically, section 1986. They thus, unlike the unsuccessful attorneys' fees litigants in *Premachandra* and *Unification Church,* do not have to argue by analogy that the federal defendants' conduct would have violated one of the statutes enumerated in section 1988 if they had been private persons or acting under color of state law; the Court found that the defendants did violate one of those statutes. Plaintiffs argue, moreover, that they would have succeeded on their section 1986 claim, and thus clearly would have been entitled to an award of fees and expenses under section 1988, if the Court had not declared a mistrial with regard to defendants Kemp and Jenkins. Plaintiffs also note that they are not precluded from recovering their attorneys' fees and expenses merely because the Court decided the case under the FTCA rather than section 1986. *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *see Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). They thus conclude that the Court should award them their attorneys' fees and expenses under section 2412(b).

▪ Plaintiffs' argument is appealing, but must be rejected. I start my analysis of this issue by noting that plaintiffs based their claim against the United States on the FTCA, not section 1986. Plaintiffs specifically sought leave on June 16, 1978 to amend their complaint to add a count against the United States under the FTCA. Plaintiffs' Motion for Leave to Amend the First Amended Complaint, filed June 16, 1978; see Second Amended Complaint, ¶¶ 1, 46–53. They filed their section 1986 claim against defendants Jenkins, Held, Kemp, A through D, and Kelley or his predecessors in office. *Id.* at ¶ 42. The Court accepts plaintiffs' *Maher* argument that their re-

covery under the FTCA against the United States does not by itself preclude them from seeking attorneys' fees and expenses against the United States under section 2412(b). I disagree, however, with plaintiffs' conclusion that if the United States had not disobeyed the Court's discovery orders, plaintiffs "would have received a decision on their § 1986 claim which would have eliminated all doubts concerning their entitlement to fees under § 1988." Plaintiffs' Reply Brief at 8. The reasoning that underlies my disagreement consists of two parts.

▪ First, plaintiffs' section 1986 claim was against the individual defendants, not the United States. If the section 1986 claim had proceeded to trial, any judgment the Court would have entered in plaintiffs' favor on that claim would have been against the individual defendants. The judgment, moreover, would have been against the individual defendants in their individual, not official, capacity. Congress has not waived the United States' sovereign immunity with regard to section 1986, and plaintiffs thus could not have recovered a money judgment against the United States or the individual defendants in their official capacity under that section. *See Clark v. Library of Congress,* 750 F.2d 89, 102–04 (D.C.Cir.1984) (noting that sovereign immunity bars "suits for money damages against officials in their *official* capacity absent a specific waiver by the government") (emphasis in original); *Holloman v. Watt,* 708 F.2d 1399, 1401–02 (9th Cir.1983) (same; also noting that a plaintiff must show an "unequivocal waiver of immunity"), *cert. denied,* 466 U.S. 2168, 104 S.Ct. 168, 80 L.Ed.2d 552 (1984); *Waller v. Butkovich,* 584 F.Supp. 909, 925 (M.D.N.C. 1984) (dismissing various civil rights claims against federal agencies and federal employees in their official capacity); *Martinez v. Winner,* 548 F.Supp. 278, 331–32 (D.Colo.1982) (dismissing civil rights claims against federal agencies); *Peck v. United States,* 470 F.Supp. 1003, 1013–15 (S.D.N.Y.1979) (recognizing that plaintiff's only

claim against the United States lay under the FTCA).

■ Second, since plaintiffs could have recovered money damages on their section 1986 claim only against the individual defendants in their individual capacity, they similarly could have sought attorneys' fees under section 1988 only against the individual defendants in their individual capacity. They could not have held the United States liable for such fees. *See Kentucky v. Graham*, 473 U.S. 159, —— – ——, 105 S.Ct. 3099, 3106–07, 87 L.Ed.2d 114, 123–24 (1985). The Supreme Court stated in *Graham* that "[t]here is no cause of action against a defendant for fees absent that defendant's liability for relief on the merits". *Id.* 473 U.S. at ——, 105 S.Ct. at 3107, 87 L.Ed. at 124. In this case, plaintiffs could not have held the United States liable on the merits of their section 1986 claim. They thus also could not have held the United States liable for attorneys' fees under section 1988, and cannot now seek to hold it liable for fees under section 2412(b).

The situation here is analogous to the situation the Supreme Court analyzed in *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). The plaintiffs in *Smith* had sought relief under the Education of the Handicapped Act ("EHA") and 42 U.S.C. § 1983, among other statutes. They had based their section 1983 claim in part on defendants' alleged violation of their right to the equal protection of the laws. The EHA does not allow for the recovery of attorneys' fees. A successful plaintiff in an action under section 1983 can, of course, recover fees pursuant to section 1988. The district court, however, granted relief to plaintiffs only under the EHA and did not address the constitutional issues plaintiffs had raised under section 1983. The court nevertheless awarded fees to the plaintiffs under section 1988.

The Supreme Court held that the plaintiffs were not entitled to recover their attorneys' fees. It acknowledged that under *Maher*, a plaintiff can recover fees even if the case is resolved or settled on a nonconstitutional ground if he or she has also raised a substantial constitutional issue. *Id.* 468 U.S. at 1005, 104 S.Ct. at 3466, 82 L.Ed.2d at 761. The Court found, however, that plaintiffs should not have been allowed to pursue their section 1983 claim because "Congress intended the EHA to be the exclusive avenue through which a plaintiff may assert an equal protection claim to a publicly financed special education." *Id.* 468 U.S. at 1008, 104 S.Ct. at 3467, 82 L.Ed.2d at 763. Since defendants could not have been held liable under section 1983, plaintiffs were not entitled to seek fees under section 1988. *See id.* 468 U.S. at 3476, 104 S.Ct. at 1024, 82 L.Ed.2d at 773 (Brennan, J., dissenting).

Similarly, since the United States could not have been held liable in this case under section 1986, plaintiffs are not entitled to seek fees under section 1988, and hence under section 2412(b). In comparison, in *Knights of the Klu Klux Klan* the Department of Health and Human Services was found liable for injunctive relief under section 1983 for having conspired with state officials to violate plaintiff's constitutional rights, and subsequently was held liable for attorneys' fees under section 1988 and section 2412(b). *Knights of the Klu Klux Klan*, 735 F.2d at 899–90. As the Court of Appeals for the Ninth Circuit has stated, the "crucial factor [under section 2412(b) ] is whether the United States or its officers acting in their official capacity have violated one of the substantive provisions enumerated in § 1988." *Lauritzen v. Lehman*, 736 F.2d 550, 556 n. 7 (9th Cir.1984). That factor has not been satisfied in this case because plaintiffs' recovery on their section 1986 claim would have been against the individual defendants in their individual capacity.

As I noted above, plaintiffs' case is an appealing one. The Court found in its opinion on the United States' liability that the United States, acting through its agents, had violated section 1986. *Bergman*, 565 F.Supp. at 1393–95. This violation did not provide an independent basis for the Court's judgment against the United States, helping instead to establish the

government's liability under Alabama tort law. *Id.* at 1394–95; *see also Bergman,* 579 F.Supp. at 934 ("This Court has found that the United States was negligent *per se* under Alabama law in part because it violated its statutory duty under 42 U.S.C. § 1986 to prevent the racially motivated conspiracy from depriving the freedom riders of the equal protection of the laws"). Plaintiffs nevertheless sought through their suit to "enforce" the provisions of section 1986, and succeeded in that goal to the extent that the Court found that defendants had violated section 1986 and considered the constitutional aspects of plaintiffs' injury in awarding them damages. *Id.* at 934–35. One could thus argue that plaintiffs have satisfied the requirements of section 1988 and hence section 2412(b).

I must reluctantly conclude, however, that plaintiffs' claim should fail for the reasons stated above. Given the Supreme Court's holdings in *Smith* and *Graham,* and the Sixth Circuit's holding in *Hall,* the Court cannot grant plaintiffs' motion. The United States could not have been held liable for relief on the merits of plaintiffs' section 1986 claim, and thus cannot now be held liable for fees under section 2412(b).

### 2. Section 2412(b) and the Common Law

As I noted above, section 2412(b) also makes the United States liable for attorneys' fees and expenses "to the same extent that any other party would be liable under the common law." 28 U.S.C. § 2412(b). Plaintiffs argue that the United States is liable for at least part of their fees and expenses under the common law rule that a court may award fees and expenses against a "party who has willfully disobeyed a court order", and thus acted in bad faith. *Fitzgerald v. Hampton,* 545 F.Supp. 53, 56 (D.D.C.1982); *see also Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) ("a court may assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant[,]' ") (citations omitted). Defendant responds

that its conduct with regard to the Court's discovery orders did not constitute bad faith but was simply an attempt to preserve the issues for appeal. It also argues that an award of fees under this common law rule would be punitive and hence is barred by section 2674 of the FTCA.

Plaintiffs request an award of fees and expenses under what the Court believes to be two distinct common-law exceptions to the American rule. The first is the "bad faith" exception, pursuant to which a court may award fees when "the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Alyeska Pipeline Co.,* 421 U.S. at 258–59, 95 S.Ct. at 1622 (citations omitted); *see also Shimman v. International Union of Operating Engineers, Local 18,* 744 F.2d 1226, 1228–34 (6th Cir.1984), *cert. denied,* 469 U.S. 1215, 105 S.Ct. 1191, 84 L.Ed.2d 337 (1985). The second exception is the one I noted above, *i.e.,* that fees and expenses may be awarded where an opposing party has disobeyed a court order. *Alyeska Pipeline Co.,* 421 U.S. at 258, 95 S.Ct. at 1622. The Court believes that neither exception applies here.

With regard to the first exception, the Court believes that the United States acted in good faith, albeit in a manner the Court found to be contrary to the law, in refusing to obey the Court's discovery orders. A court's discovery orders should, of course, be obeyed, and failure to comply with such orders can lead to the imposition of attorneys' fees and expenses under the Federal Rules of Civil Procedure. *See* FRCP 37(b)(2) & (d). The Court did not, however, sanction the United States with fees and expenses under these rules. The issue under the common law exception, moreover, is not simply whether a party has disobeyed a court order, but rather whether the party's conduct has been vexatious, wanton, or taken for oppressive reasons. *See Shimman,* 744 F.2d at 1230. The Court has reviewed again the events of this case, and concludes that the United States' conduct with regard to its discovery orders does not satisfy the above standard.

*Compare Caspe v. AACON Auto Transport, Inc.*, 658 F.2d 613, 618 & n. 7 (8th Cir.1981) (an award of fees and expenses was proper where the defendant had needlessly prolonged the suit for over three years, had disobeyed court orders, and had acted "most vexatious[ly]"); *Thonen v. Jenkins*, 374 F.Supp. 134, 139–40 (E.D.N.C. 1974) (fees were awarded where defendants had repeatedly refused to cooperate with the Court and with the plaintiff, and their actions were "unreasonable and obdurate and obstinate"), *aff'd in relevant part*, 517 F.2d 3 (4th Cir.1975).

■ The second exception appears at first glance to apply here. Courts generally have employed this exception, however, to award fees as a sanction when they have cited a disobedient party for civil contempt of court. *See Donovan v. Burlington Northern, Inc.*, 781 F.2d 680, 682–83 (9th Cir.1986); *Perry v. O'Donnell*, 759 F.2d 702, 704–05 (9th Cir.1985); *Kehm v. Procter & Gamble Mfg. Co.*, 580 F.Supp. 913, 916–17 (N.D.Iowa 1983), *aff'd*, 724 F.2d 630 (8th Cir.1984); *see also TWM Manufacturing Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir.1983) (noting that an "award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding"). In this case, the Court never cited the United States for contempt, and thus cannot award plaintiffs their fees and expenses on that ground.

In summary, the Court finds that plaintiffs are not entitled to an award of attorneys' fees and expenses against the United States based on any common-law exception to the American Rule.

3. Section 2412(d)

■ In their initial fee request, plaintiffs requested that the Court award them their attorneys' fees and expenses under section 2412(d) of the Equal Access to Justice Act. This section provides in pertinent part as follows:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Defendant argues that this section does not apply here because plaintiffs' case was one "sounding in tort" and thus is subject to the parenthetical exception. Plaintiffs respond that this exception does not apply to cases involving constitutional torts. *See Spencer v. National Labor Relations Board*, 712 F.2d 539, 545 n. 18 (D.C.Cir.1983) (dicta), *cert. denied*, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). The Court does not necessarily agree that "constitutional torts" are excluded from this exception. I find, moreover, that plaintiffs' recovery was for a "regular" tort, and not a constitutional tort, even though constitutional concerns were involved. The Court thus does not believe that plaintiffs are entitled to recover their attorneys' fees and expenses under this provision of the Act.

In accordance with the above discussion, I will enter an order denying plaintiffs' motion. I also note that the parties should make arrangements with the Court to pick up their exhibits.

### JUDGMENT

In accordance with the opinion dated November 17, 1986;

IT IS HEREBY ORDERED that plaintiffs' February 15, 1985 Bill of Costs is GRANTED in full; and that defendant The United States of America shall pay plaintiffs costs in the amount of $14,212.46;

IT IS FURTHER ORDERED that plaintiffs' Motion to Extend Time for Filing Plaintiffs' Reply Brief is GRANTED;

IT IS FURTHER ORDERED that plaintiffs' Motion for Attorneys' Fees and Expenses is DENIED.