PEABODY COAL CO., a Delaware cor-
poration, and Southern California
Edison Co., Plaintiffs,

v.

The NAVAJO NATION, Defendant

and

Vernon Masayesva, Chairman of the
Hopi Tribe, Council of the Hopi
Tribe, Intervenor.

No. CIV 88–0931–PCT–BMV.

United States District Court,
D. Arizona.

Aug. 17, 1995.

Jeffrey B. Smith, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, AZ, for plaintiff Peabody Coal Co.

Robert B. Hoffman, Snell & Wilmer, Phoenix, AZ, for plaintiff Southern California Edison.

Eric Dahlstrom, Rothstein, Donatelli, Hughes, Dahlstrom, Cron & Shoenburg, Phoenix, AZ, for defendant the Navajo Nation.

James E. Scarboro, Arnold & Porter, Denver, CO, for intervenor Vernon Masayesva, Chairman of the Hopi Tribal Council of the Hopi Tribe.

*Memorandum and Order*

VAN SICKLE, District Judge.

## I. Procedural Background

On August 10, 1994, this Court held that the possessory interest and business activity taxes on Peabody Coal's leasehold interest respecting a coal mine on the Navajo Reservation were not "proceeds" for the purposes of the Navajo–Hopi Land Settlement Act provision stating that "proceeds" from minerals within underlying reservation land were to be divided between the tribes. *Peabody Coal Co. v. Navajo Nation,* 860 F.Supp. 683 (D.Ariz.1994). On August 24, 1994 and September 28, 1994, this Court granted motions by the prevailing party, the Navajo Nation, to extend time within which it could file its statement of costs. Docs. # 327, 332. The Navajo Nation submitted its verified statement of costs in the amount of $42,562.65 and a supporting memorandum on October 3, 1994. Docs. # 334–335. On October 25, 1994, this Court granted an extension to the Hopi Tribe to file objections to the Navajo Nation's application for taxation of costs. Doc. # 339. Ferrell Secakuku, on behalf of the Hopi Tribe, filed the objections to the verified bill of costs on October 31, 1994. Docs. # 340–341.

Under District of Arizona Rule of Practice 2.19(a), the Clerk of Court makes the determination of which costs are taxable. The Clerk of Court has not done so as of this time. Due to the complexity of the legal issues surrounding the taxation of costs in this case, and because of the size of the claim, this Court has concluded that it must make the determination of what costs the Navajo are entitled to receive from the Hopi Tribe.

## II. Determination of Taxable Costs

A. *Taxation of Costs for Fees of Court Reporter for Transcripts Necessarily Obtained for Use in the Case*

28 U.S.C. § 1920(2) provides that "fees of the court reporter for all or any part of the

stenographic transcript necessarily obtained for use in the case" may be taxed as costs. The District of Arizona's Rule of Practice 2.19(e)(2) is in accordance, stating that the "cost of the originals of transcripts of trials or matters prior or subsequent to trial; is taxable ... when either requested by the Court, or prepared pursuant to stipulation."

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987), the Supreme Court held that federal courts may only assess costs enumerated in 28 U.S.C. § 1920. The Ninth Circuit has declared, however, that the *Crawford* decision does not preclude federal courts from interpreting the meaning of the phrases used in Section 1920. *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir.1990), *cert. denied*, 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed.2d 36 (1991); *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D.Or.1995) ("courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920.").

Intervenor, the Hopi Tribe, objects to the $206 requested for pretrial transcripts, claiming that this court's order of May 4, 1994 did not encompass pretrial transcripts. *See Order of May 4, 1994.* In that order, this court directed that the court be furnished with a transcript of the proceedings presided over by this court, because a complete transcript was necessary due to the "nature of this case, the extensive expert testimony, and the number of exhibits." *Id.* Defendant Navajo Nation concedes that the pretrial transcripts were not ordered by the Court in that Order. *Mem. in Supp. of the Navajo Nation's V.S. of Costs*, 2.

■ The Court agrees with Defendant, the Navajo Nation, that the pretrial transcript met the standard of 28 U.S.C. § 1920(2). The complexity of this dispute would make the pretrial transcript important to clarify the Court's discussion of issues such as discovery. *See id.* Yet, the Court sustains the Intervenor Hopi Tribe's objection to the $206 for costs in relation to the

pretrial transcript. Local Rule 2.19(e)(2) clearly states that either the Court must request the transcript or that the transcript was made pursuant to stipulation in order to make the cost taxable. The Defendant Navajo Nation acquiesces that the pretrial transcript was not part of the May 4, 1994 order, and no stipulation was involved in this matter. This Court, finds no reason to interfere with the District of Arizona Rule of Practice 2.19(e)(2). Therefore, the Hopi Tribe's objection to the costs for pretrial transcript is sustained.

**B. Taxation of Costs for In–House Copies of Exhibits Necessarily Attached to Documents or Made Part of Deposition Transcripts**

■ 28 U.S.C. § 1920(4) states that "fees for exemplification and copies of papers necessarily obtained for use in the case" may be taxed as costs. It is within the court's discretion as to the determination of whether any part of or all of the exhibits or depositions were "necessarily obtained." *See United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir.1963). While the cost of depositions of both the prevailing party and its opponent may be allowable as a taxable cost, the party asking for costs should present some evidence that the papers were "necessarily obtained." *See Green Const. Co. v. Kansas Power & Light*, 153 F.R.D. 670, 678 (D.Kan. 1994) (holding that award of costs to plaintiff for making copies of depositions would be disallowed where plaintiff made no showing that copies were necessarily obtained for use in the case).

■ Defendant Navajo Nation has made no attempt to demonstrate that the copies listed in section 2(A) and 2(B) in its statement of costs were necessarily obtained. *V.S. of Costs by the Navajo Nation*, 2–3. The intervenor Hopi Tribe has raised valid claims that the copies were not necessary which the Defendant Navajo Nation has not rebutted. *Objections of Ferrell Secakuku to the V.S. of Costs Submitted by the Navajo Nation*, 6–8. Therefore, this Court will not

allow the Navajo Nation to recover the costs listed in sections 2(A) and 2(B) of the statement of costs. *See Berryman v. Hofbauer,* 161 F.R.D. 341, 344 (E.D.Mich.1995) (denying taxation of costs where prevailing party did not respond to other party's objections nor provided an adequate basis to determine the necessity of the costs).

### C. Taxation of Costs for Discovery Papers and Trial Exhibits

 Discovery papers and trial exhibits also fall under 28 U.S.C. 1920(4), which states that "fees for exemplification and copies of papers necessarily obtained for use in the case" may be taxable as costs. The papers and exhibits need not be admitted into evidence in order for taxable costs to be available for the prevailing party.[1]

 None of the objections provided by the Intervenor Hopi Tribe should prevent the Defendant Navajo Nation from receiving costs in this category. First, the Navajo Nation has shown that the papers and exhibits were necessarily obtained. *Mem. in Supp. of the Navajo Nation's V.S. of Costs,* 3. Second, neither the cost nor amount of the copies were unreasonable. Third, the Intervenor Hopi Tribe has not convincingly demonstrated that the copies were made merely for the convenience of the Navajo Nation.

Therefore, this Court will award to the prevailing party the costs listed in sections 2(C), 2(D), and 2(E), totalling $15911.47.

### D. Fees for the Deposition of Walter Wolf and Marlene Lynch

 28 U.S.C. § 1920(3) provides that "fees and disbursements for ... witnesses" may be taxed as costs. The District of Arizona's Rule of Practice 2.19(e)(3) states that "fees for the witness at the taking of the deposition are taxable at the same rate as for attendance at trial."

 Neither of the Intervenor Hopi Tribe's objections to these costs are sustainable. First, Wolf and Lynch's employment as officers of a corporation connected with the Navajo Nation would not preclude taxable costs for their depositions. *Kemart Corp. v. Printing Arts Research Labs.,* 232 F.2d 897, 901–902 (9th Cir.1956); *D.Az. Rule of Practice* 2.19(e)(4) ("Witness fees for officers of a corporation are taxable if the officers are not defendants and recovery is not sought against the officers individually."). Second, by stating that deposition witnesses are taxable at the same rate as trial witnesses, the Local Rules allow for the prevailing party to receive the same fees for a deposition witness as it would acquire in regard to a trial witness. *See D.Az. Rule of Practice 2.19(e)(3).*

1. This Court notes that this conclusion is in conflict with the District of Arizona's Rule of Practice 2.19(e)(5). The Rules of Practice in effect in Arizona until January of 1994 did not distinguish between papers offered into evidence and those that were not offered into evidence in the determination of whether costs were available for the exemplification and copy of papers. District of Arizona Rule of Practice 49(e)(5) (expired January 11, 1994). The current Local Rule does distinguish, stating that documentary exhibits admitted into evidence are taxable, but all other copy costs are not taxable except by prior order of the Court. *District of Arizona Rule of Practice* 2.19(e)(5) (effective January 12, 1994).

However, this Court will not require that the prevailing party, the Navajo Nation, have made a prior request in order to receive costs for papers not admitted into evidence. The District Court, in its discretion, may decline to apply a Local Rule if it conflicts with well-established case law. *See Viacao Aerea Sao Paulo, S.A. v. International Lease Finance Corp.,* 119 F.R.D. 435, 439 (C.D.Cal.1988) (holding that any part of Local Rule which conflicted with United States Supreme Court's *Crawford* decision would not be applied). In 1990, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 1920(4) "does not specifically require that the copied document be introduced into the record to be an allowable cost." *Haagen–Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir.1990). Other District Courts within the Circuit have followed this ruling. *See, e.g., Frederick v. City of Portland,* 162 F.R.D. 139, 142–43 (D.Or. 1995). In this situation where the Ninth Circuit and the United States Code provide one interpretation and the Local Rule provides another, this Court will decline to apply the Local Rule.

Second, the Intervenor Hopi Tribe did not brief the issue of the change in the District of Arizona Rules of Practice and this Court declines to supplement the Hopi Tribe's objection to the Navajo Nation's request for costs. The Hopi Tribe filed their objection more than nine months after the current Local Rule 2.19 went into effect and, as a sophisticated litigant, should have been aware of the amendment.

Therefore, this Court will award to the Defendant Navajo Nation all costs listed in section 3(A) of the statement of costs, totalling $1008.61.

E. *Fees Necessarily Incurred in Order to Provide Testimony at Trial that was Crucial and Indispensable to the Case*

As the Intervenor Hopi Tribe correctly points out, the Defendant Navajo Nation has made no showing that the fees listed in section 3(B) of its statement of cost are crucial nor indispensable nor that this test should even apply within the District of Arizona. *Objections of Ferrell Secakuku to the V.S. of Costs Submitted by the Navajo Nation,* 11–12. Thus, this court cannot allow taxable costs requested by the Navajo Nation listed in section 3(B) of its verified statement of costs.

F. *Fees for Witnesses for Trial Testimony*

1. Intervenor Hopi Tribe's Objection on the Grounds that Fees are Recoverable Only for Days Witness was on Stand

As stated previously, fees for witnesses may be taxable costs. 28 U.S.C. § 1920(3). District of Arizona Rule of Practice 2.19(e)(4) states that such fees are taxable "even though the witness does not take the stand, provided that the witness is in attendance at the court." The Local Rule also asserts, however, that "witness fees and subsistence are taxable only for the reasonable period during which the witness is in the district." *D.Az. Rule of Practice 2.19(e)(4).* See *Mastrapas v. New York Life Ins. Co.,* 93 F.R.D. 401, 405–406 (E.D.Mich.1982) (stating that "the general rule is that witness fees and subsistence fees are not limited to the day the witness actually testifies but include those days in which the witness reasonably and necessarily attends trial," but holding

that the prevailing party would not receive costs for the days the witness in question did not testify but merely remained at trial as a corporate representative).

■ The Hopi Tribe's objection on this ground is overruled. No provision of the federal law restricts costs from being taxed for days the witness is not on the stand and the Local Rule specifically allows costs to be taxed in this way. The Hopi Tribe has not demonstrated that the days requested for reimbursement by the Navajo Nation are unreasonable. Therefore, the Hopi Tribe's objection on this ground is overruled.

2. Intervenor Hopi Tribe's Objection on the Grounds that Mileage Fees for Travel Beyond 100 Miles Should be Disallowed

■ 28 U.S.C. § 1821 sets the statutory limitations on fees for witnesses and adds that "all normal travel expenses within and outside the judicial district shall be taxable pursuant to section 1920 of this title." In *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 234, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964), the Supreme Court declared that the 100–mile rule is "a proper and necessary consideration in exercising discretion" in the taxation of costs for witnesses.[2] The District Court, however, does have some discretion to award costs for travel beyond the court's 100 mile subpoena power beyond the district if there are exceptional circumstances. *Id.* at 232, 85 S.Ct. at 415, *Bergman v. United States,* 648 F.Supp. 351, 354 (W.D.Mich. 1986), *aff'd,* 844 F.2d 353 (6th Cir.1988); *Sperry Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132, 136 (E.D.Va.1973). Factors which other courts have considered in the exercising of this discretion include the relevancy and necessity of the testimony and whether the party who brought the out-of-state witnesses to court attempted to secure prior approval of the court for such expenses to be taxable costs. *Bergman,* 648 F.Supp. at 354; *Sperry Rand Corp.,* 58 F.R.D. at 136.[3]

---

**2.** The 100–mile rule is the notion that "subpoenas requiring the attendance of witnesses at a trial cannot be served outside the judicial district more than 100 miles from the place of trial ... [S]ince witnesses cannot be compelled under this rule to travel more than 100 miles, a party who persuades them to do so by paying their trans-

portation expenses cannot have this expenses taxed as costs against his adversary." *Farmer,* 379 U.S. at 231, 85 S.Ct. at 414.

**3.** This Court notes the amendment to the relevant District of Arizona Rule of Practice on the subject of witness fees. The former rule, cited by

The Defendant Navajo Nation made no attempt to gain prior approval from the court. Thus, there must be exceptional circumstances to warrant the taxation of costs for the witnesses listed in section 3(C) of the Navajo Nation's Statement of Costs. *See Bergman,* 648 F.Supp. at 353 ("courts generally are hesitant to award as costs the travel costs of witnesses who reside beyond the subpoena power of the court."). This Court finds that there are no exceptional circumstances warranting taxable costs. First, the length of time since the events surrounding the action occurred is irrelevant for the issue of witness fees. Second, while the events occurred more than 100 miles away from the place of trial, they took place within the District of Arizona and within the subpoena power of the Court. Third, the Defendant Navajo Nation has not demonstrated the necessity of importing witnesses from outside the District of Arizona.

The prevailing party may tax the costs of an out-of-district witness to the extent of mileage "traveled within the district, or actual mileage traveled in and out of the district, whichever is the greater." *Kemart Corp. v. Printing Arts Research Labs., Inc.,* 232 F.2d 897, 904 (9th Cir.1956). From the Navajo Nation's Statement of Costs, it appears that only witnesses Bobby White and Derrick Watchman traveled entirely within the District of Arizona. *V.S. of Costs by the Navajo Nation,* Exhibit G. The Navajo Nation provided no facts as to the other witnesses'

travel within the district nor as to their necessity to the case. Therefore, from the materials provided by the Navajo Nation, this Court can only award, from the requests in section 3(C), the fees in relation to the trial testimony of Bobby White and Derrick Watchman, totalling $1590.30.

### G. Costs Incident to Taking of Depositions and Miscellaneous Costs

This court will overrule the minor objections made by the Intervenor Hopi Tribe in regard to the Brakken and Hellerstein depositions and award the full amount requested in sections 4 and 5, totalling $8457.15.

### III. Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court tax the following costs totalling $26,957.53:

| | |
|---|---|
| Taxation of Costs for Discovery Papers and Trial Exhibits (sections 2(C), 2(D), and 2(E) of verified statement of costs) | $15911.47 |
| Fees and Costs Necessarily Incurred and Incident to Taking of Depositions (section 3(A)) | 1008.61 |
| Witness Fees for Trial Testimony of Bobby White and Derrick Watchman (section 3(C) in part) | 1590.30 |
| Costs Incident to Taking of Depositions and Other Costs (sections 4 and 5) | 8457.15 |
| Grand Total | $26967.53 |

---

both parties and in effect until January 11, 1994, stated that "mileage fees for travel outside the district shall not exceed 100 miles each way without court approval." District of Arizona Rule of Practice 49(e)(4) (expired January 11, 1994). The current rule omits all mention of the 100–mile rule and does not require prior court approval for any costs related to witness fees, mileage, and subsistence. *D.Az. Rule of Practice* 2.19(e)(4) (effective January 12, 1994).

This Court, however, will not take the amendment in the Rule as dispositive of the outcome of this issue. First, the omission of the 100–mile rule in the current Rules of Practice is only a deemphasis; there is no indication that the rule should be ignored entirely. Second, there is a longstanding tradition of using the 100–mile rule

as a factor in the determination of taxable costs in relation to witness fees. Third, as with the change in the rules regarding the necessity of papers having been admitted into evidence in order to recover costs, *supra* note 1, this Court will not permit a party to benefit from an amendment to the District of Arizona Rule of Practice which it did not cite. The Navajo Nation, which would benefit from the rule change, filed their statement of costs almost nine months after the current Local Rule 2.19 went into effect and, as a sophisticated litigant, should have been aware of the amendment.

Thus, the court will take into account the Defendant Navajo Nation's failure to request prior court approval for obtaining witnesses for trial from distances greater than 100 miles.