952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lonnie LEDBETTER, Plaintiff-Appellant,
v.
Jay TONEY, Defendant-Appellee.
Lonnie T. LEDBETTER, Plaintiff-Appellant,
v.
ATTORNEY GENERAL OF CALIFORNIA, Defendant-Appellee.
Lonnie T. LEDBETTER, Plaintiff-Appellant,
v.
COUNTY OF SACRAMENTO, Defendant-Appellee.
Lonnie T. LEDBETTER, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA; U.S. Attorney, Defendants-Appellees.
Lonnie T. LEDBETTER, Plaintiff-Appellant,
v.
YOLO COUNTY, Defendant-Appellee.
Lonnie T. LEDBETTER, Plaintiff-Appellant,
v.
George BUSH, President, Defendant-Appellee.
Lonnie T. LEDBETTER, Plaintiff-Appellant,
v.
George F. Graman, M.D., Defendant-Appellee.
Lonnie T. LEDBETTER, Plaintiff-Appellant,
v.
U.S. MAGISTRATE JOHN F. MOULDS, MILTON L. SCHWARTZ, U.S.
DISTRICT COURT JUDGE, Defendants-Appellees.
Lonnie T. LEDBETTER, Plaintiff-Appellant,
v.
U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA,
SACRAMENTO, Defendant-Appellee.
 Nos. 90-16563 to 90-16569, 90-16805 and 91-15081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1991.*
Decided Dec. 17, 1991.
 
 Before GOODWIN, SKOPIL and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff, proceeding pro se, filed seven related civil rights actions seeking relief under 42 U.S.C. § 1983 et seq. The matters were referred to United States Magistrate John F. Moulds pursuant to 28 U.S.C. § 636(b)(1)(B). On March 22, 1990, Magistrate Moulds issued an order dismissing the complaints as deficient and frivolous. 28 U.S.C. § 1915(d). Plaintiff was given thirty days to file a single amended complaint and to eliminate baseless claims. The Order carefully instructed the plaintiff as to the nature of the law and specifically warned the plaintiff against re-filing claims that the court had concluded lacked merit.
 
 
 3
 The plaintiff ignored the court's order and filed seven amended complaints, adding claims against judges and court personnel in clear violation of the Order's instructions pertaining to the doctrine of judicial immunity. The magistrate recommended that the complaints be dismissed with prejudice as "frivolous" pursuant to § 1915(d). The plaintiff responded within the thirty days provided. After conducting a de novo review of the case, United States District Court Judge Milton L. Schwartz adopted the magistrates' findings and recommendations and dismissed the related cases with prejudice.
 
 
 4
 Subsequently, the plaintiff brought § 1983 actions against Magistrate Moulds, and Judge Schwartz, as well as the United States District Court for the Eastern District of California, pleading cases nearly identical to the seven previously dismissed claims. In separate orders, the two new actions were dismissed as frivolous, in violation of § 1915(d).
 
 
 5
 All nine cases have been consolidated on appeal and are now before this court. A single issue is presented: Is the underlying § 1983 claim frivolous within the meaning of 28 U.S.C. § 1915(d)? Because we answer this question in the affirmative, all orders below are affirmed.
 
 
 6
 A complaint is frivolous under § 1915(d) if it lacks an arguable basis either in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.1984). The district court orders are well reasoned. A careful review of the case demonstrates that the plaintiff's § 1983 complaints are completely without foundation. Moreover, private counsel cannot act under color of state law under § 1983. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1345 (9th Cir.1981). Judges acting within the course and scope of their judicial duties are immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 554 (1967). Judicial immunity extends to persons working for and with the court. Demoran v. Witt, 781 F.2d 155, 158 (9th Cir.1985). Actions against the various governmental bodies are subject to principles of sovereign immunity. Quern v. Jordan, 440 U.S. 332, 339-40 (1979); Hall v. United States, 704 F.2d 246, 251-52 (6th Cir.), cert. denied, 464 U.S. 1002 (1983). Finally, the President cannot be sued for damages. Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3