52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Noel Edward PLUNKETT, Plaintiff-Appellant,
v.
Mark H. LUTTRELL, Warden; M.F. Willis; D. Mills, Officer;
Jane Doe; John Doe, Defendants-Appellees.
 No. 94-6512.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MERRITT, Chief Judge; LIVELY and KEITH, Circuit Judges.
 
 ORDER
 
 1
 Noel Edward Plunkett, a federal prisoner presently confined at the Federal Correctional Institution (FCI) in Manchester, Kentucky, moves for counsel on appeal from a district court order dismissing his civil rights case filed under the authority of Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Plunkett sued the Warden at FCI-Manchester, the Inmate Systems Manager, an Inmate Systems Officer, and other Jane and John Doe defendants, in their individual and official capacities. A summation of the factual allegations underlying Plunkett's complaint is set forth in the magistrate judge's report and recommendation and will not be repeated here. Suffice it to say that Plunkett alleged that his rights pursuant to the First and Fifth Amendments, his rights pursuant to unspecified sections of the Kentucky Constitution, and his rights pursuant to Kentucky law involving intentional infliction of emotional distress, were violated generally because of the manner in which his legal mail has been handled while he has been confined at FCI-Manchester.
 
 
 3
 The magistrate judge recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and Fed.R.Civ.P. 12(b)(6). Plunkett filed objections in the form of a motion to amend his complaint. Thereafter, the district court adopted the report and recommendation as the opinion of the court and dismissed Plunkett's complaint.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion when it dismissed as frivolous, Plunkett's right of access to the courts claim relative to his outgoing legal mail. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Plunkett's claim lacks an arguable or rational basis in fact because, as pointed out by the magistrate judge, the filing date does not always indicate the actual date that an item was received by a court. Because there is a plausible possibility why the June 24 letter, postmarked June 28, did not appear in the record of London Civil Action No. 93-194 until July 5, Plunkett's claim lacks an arguable or rational basis in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 Upon further review, we affirm the district court's decision as to the remaining claims because Plunkett undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).
 
 
 6
 The district court properly dismissed the Bivens claim against all of the named defendants for lack of specificity. Plunkett failed to set forth with any degree of specificity which of the complained of acts were committed by which of the named defendants. In order to state a claim for relief, Plunkett must allege that the defendants are accountable because they were personally involved in opening his incoming legal mail outside his presence or in delaying the court's receipt of his emergency injunction. See Rizzo v. Goode, 423 U.S. 362, 375-76 (1976). In this case, Plunkett's complaint failed to allege any factual connection between the actions challenged and the named defendants. Bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient. See Hall v. United States, 704 F.2d 246, 251 (6th Cir.), cert. denied, 464 U.S. 1002 (1983). Accordingly, Plunkett's complaint was properly dismissed on this ground.
 
 
 7
 Dismissal of Plunkett's Bivens actions was also proper insofar as Plunkett sought damages against the defendants in their official capacities. "[A] Bivens claim [for damages] may not be asserted against a federal officer in his official capacity." Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991).
 
 
 8
 Dismissal of Plunkett's right of access to the courts claim relative to his incoming legal mail was proper. Plunkett has failed to set forth any facts alleging that in any of the eight complained of instances the opening of his incoming legal mail in any way prejudiced him in the prosecution of pending litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). His complaint, amended complaint, and brief on appeal contain only conclusory statements of harm. Plunkett's conclusory allegations are insufficient to state a claim under Bivens. See Scheid v. Fanny Farmer Candy Shops, 859 F.2d 434, 437 (6th Cir.1988).
 
 
 9
 Even if Plunkett sufficiently stated a claim of a denial of access to the courts relative to his incoming legal mail, dismissal was still proper. Plunkett has failed to set forth with any degree of particularity that he takes issue with any institutional regulations and/or practices. See Lavado v. Keohane, 992 F.2d 601, 609-11 (6th Cir.1993). Therefore, this part of his complaint was properly dismissed.
 
 
 10
 Finally, the district court was within its considerable discretion when the court declined to address Plunkett's supplemental state law claims. See Gregory v. Hunt, 24 F.3d 781, 790 (6th Cir.1994) (when a plaintiff has no federal cause of action, a district court may exercise its discretion to dismiss his supplement state law claims).
 
 
 11
 Accordingly, the motion for counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.